SMITH v. SIPI, LLC, et al.
1:07 cv 06534
Bankruptcy Appeal to the Honorable Ronald A. Guzman, Federal District Judge

TABLE OF CONTENTS
TO
APPENDIX TO APPELLANTS' BRIEF

|                                                      | Docket # | Date     | Appendix |
|------------------------------------------------------|----------|----------|----------|
| ADVERSARY COMPLAINT                                  | 1        | 4/13/07  | A        |
| ORDER APPEALED FROM                                  | 43       | 10/3/07  | B        |
| ORAL RULING OF BANKRUPTCY JUDGE                      |          | 9/28/07  | C        |
| MOTIONS TO DISMISS                                   |          |          |          |
|     by Defendant SIPI            | 12       | 6/8/07   | D-1      |
|     by Defendant MIDWEST CAPITAL | 18       | 6/22/07  | D-2      |
| RESPONSE to Motions to Dismiss by Plaintiffs/Debtors | 27       | 7/20/07  | E        |
| REPLIES to Response                                  |          |          |          |
|     by Defendant SIPI            | 30       | 8/3/07   | F-1      |
|     by Defendant MIDWEST CAPITAL | 33       | 8/6/07   | F-2      |
| SURREPLY by Plaintiffs/Debtors                       | 40       | 8/24/07  | G        |
| NOTICE OF APPEAL                                     | 45       | 10/8/07  | H        |
| ADVERSARY CASE DOCKET LISTING                        |          | 11/19/07 | I        |
| TRANSCRIPT OF ORAL ARGUMENT ON MOTIONS TO DISMISS    |          | 8/31/07  | J        |
| STATUTES INVOLVED                                    |          |          |          |
|     11 U.S.C. §101(54)           |          |          | K-1      |
|     11 U.S.C. §548(a) and (b)    |          |          | K-2      |

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEITH SMITH and DAWN SMITH, | ) | **Case No. 07 B 6631** |
| Debtors, | ) | |
| | ) | |
| ------------------------------------------------- | ) | Chapter 13 |
| | ) | |
| KEITH SMITH and DAWN SMITH, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **Adversary No. 07 A 00239** |
| | ) | |
| FIRST AMERICAN TITLE | ) | |
| INSURANCE CO. (d/b/a The Talon | ) | |
| Group), SIPI, LLC, and MIDWEST | ) | |
| CAPITAL INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY OF SIPI, LLC, TO PLAINTIFFS' RESPONSE TO RULE 12(b)(6) MOTION TO DISMISS 7001(1), (2) AND (9) F.R.BANKR.P. ADVERSARY COMPLAINT TO AVOID FRAUDULENT CONVEYANCE AND RECOVER TITLE TO REAL ESTATE AND/OR FOR OTHER RELIEF

NOW COMES Respondent, SIPI, LLC, by its attorneys, KROCKEY, CERNUGEL, COWGILL, CLARK & PYLES, LTD., through Robert S. Krockey, and for its Reply to Plaintiffs' Response to Rule 12(b)(6) Motion to Dismiss 7001(1), (2) and (9) F.R.Bankr.P. Adversary Complaint to Avoid Fraudulent Conveyance and Recover Title to Real Estate and/or for Other Relief, states as follows:

This Respondent has reviewed the fifteen-page Response to its Motion. We have argued Debtors' Petition is barred by the limitations set forth in 11 U.S.C. Section 548. Three different bankruptcy judges (Katz, Wedoff and Schmetterer) in three different cases have stated that the two-year limitation begins on the date the period of redemption expires. We find no need to argue anything other than the law on this matter is now well

settled, and we decline to expend more time (and more of our client's money, for that matter) on an issue that has long since been settled.

Further, Debtors' argument fails to mention the fact that the rights of an intervening bona fide purchaser exist and that Debtors failed to take advantage of any state court relief from the tax deed which may have been but were not available to them. Indeed, they are renting the property from Midwest Capital Investments, LLC.

We respectfully move that the Court acknowledge existing case law and grant Respondent's Motion to Dismiss.

SIPI, LLC, Respondent,

BY: ____/s/ Robert S. Krockey_____
        Robert S. Krockey, one of its attorneys

Robert S. Krockey
Krockey, Cernugel, Cowgill,
  Clark & Pyles, Ltd.
3100 Theodore Street, Suite 101
Joliet, Illinois 60435
Phone: 815/729-3600
Atty Reg. #01532316

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)
Keith Smith and Dawn Smith, )       No. 07 B 6631
)       Chapter 13
Debtors )       Judge Bruce W. Black
_____ )
Keith Smith and Dawn Smith, )       Adversary Proceeding
)       No. 07-00239
Plaintiffs )
)
vs. )
)
First American Title Insurance Co. (d/b/a The )
Talon Group), SIPI, LLC, and Midwest Capital )
Investments, LLC, )
)
Defendants. )

## MIDWEST CAPITAL INVESTMENTS, L.L.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS ADVERSARY COMPLAINT

Midwest Capital Investments, LLC, an Illinois limited liability company, by its attorneys, Ruff, Weidenaar & Reidy, Ltd., for its Reply in Support of Its Motion to Dismiss the Adversary Complaint of Keith and Dawn Smith (the "Debtors") states as follows:

### Transfer Occurred More Than Two Years Before Debtors Filed Their Bankruptcy Petition

While the Debtors attempt to complicate and confuse the issues, the **only** relevant issue is whether Debtors may properly avoid transfer of the property in question (the "Property") under Section 548 of the United States Bankruptcy Code (11 U.S.C §548). Section 548 requires that a transfer of property must have occurred within two years prior to the filing of the debtors' bankruptcy petition. 11 U.S.C. 548. Debtors filed their Chapter 13 Bankruptcy petition on April 13, 2007. In Illinois, the transfer of property that is the subject of tax deed proceedings occurs,

193321

APPENDIX F-2
R.8009(b)(6)

for the purposes of Section 548, upon the expiration of the period of redemption from the tax sale. In re McKeever, 132 BR 996 (Bankr.N.D.Ill. 1991); In re Butler, 171 BR 321 (Bankr.N.D. Ill. 1994); and In re Moureau, 147 BR 441 (Bankr.N.D. Ill. 1991). In this case, the period of redemption expired on November 1, 2004. (See Report of Proceedings and Affidavit in Support of Petition for Tax Deed attached as Exhibit A). Therefore, the relevant date of the Property transfer was November 1, 2004. The Debtors filed their Bankruptcy Petition more than two (2) years after the property was transferred to SI-PI LLC, well outside the two-year limit prescribed in the Bankruptcy Code. SI-PI LLC then conveyed the Property to Homestead, who conveyed it to Midwest Capital Investments, LLC ("Midwest").

In looking at the plain meaning of the Section 548, it is clear that a transfer of property occurs when the prior owner's rights are extinguished. The prior owner's rights are immediately extinguished upon the expiration of the period of redemption; the time between the tax sale and the statutorily mandated deadline where an owner has a right to redeem his property. Under the Illinois Revenue Act, to be valid, redemption must be made on or before the last day of the redemption period by the property owner or an interested party. In re Application of County Collector, 99 Ill. App. 2d 143, 241 N.E.2d 216 (3d Dist. 1968). Attempts to redeem after the expiration of the redemption period are a nullity and have no effect. Id at 146. Accordingly, Debtors' interest in the property was extinguished on November 1, 2004.

The proposition that the date of "transfer" occurs upon extinguishment of the debtors interest in the property is codified at Section 548(d)(1), which states as follows: "A transfer is made when such transfer is so perfected that a bona fide purchaser **from the debtor** against whom applicable law permits such transfer to be perfected cannot acquire an interest in the

property transferred that is superior to the interest of such property in the transferee." (emphasis added). Debtors confuse the effect of the Section by misinterpreting the meaning of the word "perfected." Debtors suggest that this section has the effect of extending the two year period by not counting "transfers which were made until they were perfected." Response ¶33. Debtors misconstrue the word "perfected" here to mean the recording of a deed because such is required in connection with a statutory tax deed to place merchantable title in the tax buyer. Rather, the transfer is determined by comparing the interest in the property that would be acquired by a purchaser from the debtor to the interest that is acquired by the transferee. If the transferee's interest is superior to that of a purported purchaser, then the transfer occurs. Applying that rule to this case, the transfer occurred upon the expiration of the redemption period because after that date, the Debtors were incapable of redeeming the property and, therefore, incapable of selling any interest in the property which would have been superior to the interest then held by SI-PI LLC.

Debtors base the bulk of their Response on the premise that the court in In re McKeever incorrectly interpreted the language and meaning of Section 548. In re McKeever, 132 B.R. 996 (Bankr.N.D. Illionis, 1991, Katz, B.J.). Debtors confuse the very simple process by which to determine when property is transferred by insisting that the McKeever court made inconsistent statements and misinterpreted Illinois law. Response ¶9. On the contrary, the McKeever court clearly explained that any attempts by the prior owner to redeem the property after the redemption period expires would be in vain. Id at 1007. The court stated "Since the consequence of a failure to redeem is the issuance of a tax deed, resulting in the owner's loss of the property and the ouster of other interested parties, the right of redemption must be strictly adhered to." Id.

In the present case, the debtors lost their right to redeem the property on November 1, 2004. Again, and in compliance with Section 548, this transfer occurred well outside of the period in which a trustee or a debtor bringing an action on his own behalf may avoid the transfer.

Debtors rely on In re McKinney for the proposition that the recordation of a tax deed results in the vesting of merchantable title to the property in the grantee. In re McKinney, 341 B.R. 892 (C.D. Illinois 2006). In re McKinney involved the issues of whether a real estate tax buyer holds a claim that may be modified in a Chapter 13 plan and the effect of expiration of the redemption period post-petition. These are not the issues in the case at bar. Nonetheless, the McKinney court's findings are consistent with those in McKeever. The McKinney court recognized that the expiration of the redemption period triggered a tax buyer's rights in the property. That trigger would therefore be sufficient to constitute a transfer under Section 548 even if additional perfunctory events must thereafter occur to vest merchantable fee simple title in the tax buyer. In short, the date of "transfer" under Section 548 is not synonymous with the date of vesting of indefeasible, merchantable title.

### Benefit to Unsecured Creditors Not Relevant

Debtors suggest that their attempt to extend the redemption period more than two years after it expired should be upheld simply because it is motivated by their desire to benefit their unsecured creditors. No such motivation can cure the deficiency of the Complaint. The transfer occurred more than two years prior to the filing of the Debtors' petition and cannot now be avoided.

### Spelling Errors in Deed Not Relevant

193321                                    4

Lastly, designation in the tax deed of "S.I.-P.I. LLC" rather than "SI-PI LLC" is so clearly a misnomer that the Court need not delve into the state of mind of the scrivener of the deed to determine his or her intentions. Besides, since the transfer to SI-PI LLC occurs for Section 548 purposes on the date of the expiration of the redemption period, the issue of how the grantee's name is spelled on the deed is moot.

### Conclusion

In summation, the period of redemption during which Debtors had the opportunity to redeem their property expired on November 1, 2004. As Debtors did not redeem the property prior to this date, their interest in the property was extinguished. As such, their Adversary Complaint fails to state a claim upon which relief may be granted and must be dismissed.

WHEREFORE, the Defendant, Midwest Capital Investments, LLC, hereby moves this Court to dismiss Debtors' Adversary Complaint with prejudice and for such other relief as this Court deems just and equitable.

Respectfully submitted,
Midwest Capital Investments, LLC, an Illinois
limited liability company,

By: s/Timothy S. Breems
    One of its attorneys

Timothy S. Breems
Ruff, Weidenaar & Reidy, Ltd.
222 North LaSalle Street
Suite 700
Chicago, Illinois  60601
(312) 263-3890

193321

5

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

IN RE THE APPLICATION FOR TAX DEED )
)
)
SI-PI, LLC, a Illinois Limited )
Liability Company )
              Petitioner, ) No. 04-TX-142
)
v. )
)
EARL A. PLUTZ; RUTH M. PLUTZ; DAWN )
SMITH; UNKNOWN HEIRS AND DEVISEES )
OF EARL A. PLUTZ AND RUTH M. PLUTZ; )
UNKNOWN OWNERS OR PARTIES )
INTERESTED; AND NONRECORD CLAIMANTS )
Defendants, )
)
)

REPORT OF PROCEEDINGS AND
AFFIDAVIT IN SUPPORT OF PETITION FOR TAX DEED

    The undersigned, Julie Hume, being first duly sworn, on oath does hereby
depose and state the following:

1.  SI-PI, LLC, a Illinois Limited Liability Company is the Petitioner for a
PETITION FOR TAX DEED in Case No. 04-TX-142 filed in the Will County Circuit
Court.

2.  SI-PI, LLC, a Illinois Limited Liability Company Is the owner of  the real
estate tax sales certificate described in said PETITION. An original TAX SALE
CERTIFICATE OF PURCHASE, being Certificate number 00-02338, 00-02339 and 00-
02340, was issued by the County Clerk of said County. A copy of said TAX SALE
CERTIFICATE OF PURCHASE is attached to this Affidavit and identified as
Exhibit 1.

3.  SI-PI, LLC has complied with the provisions of 22-5 of the Property Tax
Code and a copy of the requisite Notice is attached hereto and marked Exhibit
2.

4.  All subsequent taxes which have become due and payable and all subsequent
forfeitures and sales, if any, have been paid or will be paid and have been
redeemed or will be redeemed. The paid receipts (if any) for any such taxes,
forfeitures, or sales are attached hereto and marked Exhibit 3.

EXHIBIT

tabbies

A

5. The period of redemption from the original tax sale was extended in accordance with the Property Tax Code, three times, the final expiration date being November 1, 2004. Copies of said Extensions are attached hereto as Exhibit 4.

6. The time of redemption from said sale has now expired and said real estate tax sale certificate has not been redeemed from said sale.

7. SI-PI, LLC has visited, or caused to be visited, the above-described land or lot and found that there were no occupants in actual possession of such real estate.
            Dawn Smith

8. SI-PI, LLC or another duly authorized and qualified agent of Petitioner made a search of the appropriate records in the Offices of the County Assessor, the County Recorder of Deeds, and, if appropriate, the Clerk of the Circuit Court. The following information is based on such search, made by a representative of SI-PI, LLC:

    a.    The person in whose name the real estate was last assessed for
          general taxes is:
          Dawn Smith
          Earl A. Plutz
          Ruth M. Plutz

    b.    The owners of said real estate are:
          Dawn Smith

    c.    There are no mortgages, liens, or judgments against said property.

    d.    Other parties interested in such real estate are:
          Nancy Shultz Voots, Will County Clerk

9. Unless otherwise hereinafter stated, no person interested in said real estate is believed to be a minor or is known to have been adjudicated and incompetent.

10. The Clerk of the Circuit Court has caused TAKE NOTICES giving notice of this hearing and of the last date on which redemption of this property can be made, to be mailed to the parties of interest as shown above. The CLERK'S CERTIFICATE OF MAILING NOTICE is attached hereto as Exhibit 5.

11. The Sheriff of Will County served, or attempted to serve, written TAKE NOTICES upon the parties of interest as shown above, in accordance with the Property Tax Code. Copies of the Notices served are attached hereto as Exhibit 6.

(i) The persons named at the end of this paragraph cannot upon diligent inquiry be found in Will County, nor upon diligent inquiry can the place of residence of any of them be ascertained.
            Earl A. Plutz
            Ruth M. Plutz

12.  SI-PI, LLC caused to be published in The Liberty Suburban Newspaper, a
newspaper published in the county in which the above-described real estate is
located, a notice of said purchase at said tax sale as required by law, which
notice was inserted and published in said newspaper three times, to wit, on
July 30, August 6 and 13, 2004.  A copy of said publication notice is hereto
attached, marked Exhibit 7.

_Julie Hume_
Julie Hume
for SI-PI, LLC

STATE OF ILLINOIS      )
                       )
COUNTY OF JACKSON      )

Subscribed and sworn to before me Thursday, November 11, 2004.

_____        Seal:
Notary Public

```
OFFICIAL SEAL
KENNETH ROCHMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/22/08
```

Robert S. Krockey
Attorney for Petitioner
3100 Theodore St. Suite 101
Joliet, IL  60435
(815) 729-3600

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Keith Smith and Dawn Smith, | ) | Case No. 07 B 6631 |
| Debtors | ) | |
| | ) | |
| -------------------------------------------------------) | | Chapter 13 |
| Keith Smith and Dawn Smith | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 07 A 00239 |
| | ) | |
| FIRST AMERICAN TITLE INSURANCE CO. | ) | |
| (d/b/a The Talon Group), | ) | |
| SIPI, LLC, and | ) | |
| MIDWEST CAPITAL INVESTMENTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY MEMORANDA RE:
THEIR RULE 12(b)(6) MOTIONS TO DISMISS
ADVERSARY COMPLAINT OF DEBTORS
TO AVOID FRAUDULENT CONVEYANCE
AND
RECOVER TITLE TO REAL ESTATE AND/OR FOR OTHER RELIEF

NOW COME the Plaintiffs-Debtors by and through their attorney, ARTHUR G. JAROS,

JR., and, pursuant to leave granted by Order of this Honorable Court entered August 17, 2007,

submit this surreply memorandum in response to the Replies submitted by the Defendants SIPI

and Midwest in connection with the briefing performed in connection with their Rule 12(b)(6)

Motions to Dismiss.

Surreply to SIPI's Reply

Defendant-movant SIPI states: "We find no need to argue anything other than the law on

APPENDIX G
R.8009(b)(6)

this matter is now well settled ..." in that SIPI claims that "Three different bankruptcy judges (Katz, Wedoff and Schmetterer) in three different cases have stated that the two -year limitation begins on the date the period of redemption expires.

SIPI conveniently ignores the fact that those cases did not have need to determine and did not determine as a matter of law whether a tax deed issued and recorded within the two year period immediately prior to filing the Petition can be set aside even if the period of redemption expired more than two years prior to filing the Petition. That is the unique issue presented by this case as a matter of first impression.

SIPI also fails to note that Judges Wedoff (Moureau 1992) and Schmetterer (Butler 1994) merely adopted, without detailed review or comment, dicta within McKeever (Katz, B.J. 1991).

Thus, SIPI's position boils down to no more than that dictum from a single bankruptcy case thereafter repeated by two other bankruptcy judges and rejected in dictum from a more recent bankruptcy decision (Judge Perkins in McKinney, 2006) should now be considered well-settled law! No legal authorities are cited by SIPI for the startling proposition that Debtors and general unsecured creditors should be bound and suffer prejudice from the adoption of incorrect dicta as the holding of this case where the issue is, for the first time, squarely presented.

<u>Surreply to Midwest's Reply</u>

On the other hand, Midwest devotes almost 5 pages of analysis and argument to this important issue. During the August 17 call of this case, Debtors' undersigned attorney requested this opportunity to respond to such arguments in lieu of making extensive oral argument at a time the Court still was confronted with a large number of cases on its call. This surreply now follows the sequence of argument contained in Midwest's Reply.

-2-

Midwest correctly notes that at p. 1:

> §548 requires that a transfer of property must have occurred within two years prior to the filing of the debtors' bankruptcy petition.

It is important to bear in mind that Judge Katz' opinion in McKeever itself recognized that there was a transfer at the time of the issuance of the tax deed and that its recording perfected both that transfer and the earlier transfer said to have occurred at the time the redemption period expired.

However, Midwest then claims:

> In Illinois, _**the**_ transfer of property that is the subject of tax deed proceedings occurs, for the purposes of Section 548, upon the expiration of the period of redemption from the tax sale. (pp.1, 2)

Midwest cites to McKeever, Butler and Moureau for this proposition. But Midwest is wrong.

First, McKeever merely held that "a" transfer--not "the" transfer--occurs for purposes of §548, upon the expiration of the period of redemption. Judge Katz specifically wrote:

> The expiration of the redemption period and the resulting right to tax deed, therefore, fundamentally altered the rights of the parties. The debtors were involuntarily divested of their remaining ownership rights at that time[1], resulting in _**a**_ transfer within the meaning of §101(54) and §548. (132 B.R. at 1009)

---

[1] As noted by Judge Perkins in McKinney and by the Illinois Appellate Court in City Realty Exchange, this conclusion and statement of law by Judge Katz was incorrect as a matter of Illinois law. To wit, City Realty Exchange states that: "until expiration of the period of redemption _**and**_ issuance of the tax deed based on it, no interest, equitable or legal is acquired on the land described in the certificate" (citing to the Illinois Supreme Court decision in Wells v. Glos). Bankruptcy Judge Perkins, correctly interpreting and following Illinois law, corrects Judge Katz, writing in McKinney: "Some courts ...have jumped ... to the conclusion that when the redemption period expires ... the debtor loses his interest in the property... That assumption is contrary to both Illinois law and bankruptcy law. It is the tax deed alone that conveys title to the property and gives the tax deed grantee the right to possession. *** Until the tax deed is issued, title, the right to possession and all other incidents of ownership remain with the debtor. (341 B.R. at 898). Therefore, SIPI's assertion that Judge Katz' mere dictum is "well-settled law" is a preposterously false assertion. This court should likewise do its duty and correct Judge Katz' misstatement of Illinois law and adopt Judge Perkins correct understanding of the law.

More importantly, Midwest wilfully refuses to address the argument set forth at p. 7 of the

Plaintiffs-Debtors' Response which points out that Illinois case law holds that no transfer of

either equitable or legal title or of possessory rights transfers until the issuance of the tax deed.

(see also footnote 1 herein) and that the text of Section 548 permits that transfer to be set aside

under Section 548 if that transfer occurred, as here, within two years of the Petition Date.

Midwest's Reply memorandum then proceeds to state:

> Under the Illinois Revenue Act, to be valid, redemption must be
> made on or before the last day of the redemption period by the
> property owner or an interested party. In re Application of County
> Collector, 99 Ill. App. 2d 143, 241 N.E.2d 216 (3d Dist. 1968).
> Attempts to redeem after the expiration of the redemption period
> are a nullity and have no effect.

Midwest repeated the same proposition at the bottom of page 4:

> ... the McKeever court clearly explained that any attempts by the
> prior owner to redeem the property after the redemption period
> expires would be in vain."

This is a correct statement of Illinois law.  However, Midwest draws an incorrect conclusion in

then proceeding on to write:

> Accordingly, Debtors' interest in the property was extinguished on
> November 1, 2004.

This statement is a non-sequitur and ought be rejected for two reasons, now outlined below as

(A) and (B).

(A) First, the test (and time of transfer) under Section 548(d)(1) is not when the Debtor's

own ability or power to unilaterally control the outcome is lost (as it surely is at the expiration of

the redemption period).  Rather, the Section 548(d)(1) test to determine at what point in time the

transfer occurs is at what point in time--in a contest between the tax sale purchaser and a third

-4-

party BFP-- the third party BFP can NEVER obtain superior title.

A simple example from a different, but analogous context illustrates this truth: To wit, assume an owner of real estate deeds his property to Buyer A.    The deed is in proper form and substance and sufficient to divest the grantor of ownership, but Buyer A neglects to record it promptly.  In law, the grantor can do nothing to regain ownership (analogous to the inability of the owner to take steps to regain ownership after expiration of the period of redemption).  But, assume the same Seller then purports to deed his property a second time, this time to Buyer B, a bona fide purchaser for value,  who has knowledge that Seller had contracted to sell  the property to Buyer A but had no knowledge of the issuance of the deed to Buyer A. Buyer B records his deed before Buyer A records his earlier issued deed.    Certainly in a "pure race" jurisdiction [and possibly also in  "pure notice" or "race-notice" jurisdictions (depending on the degree of notice required of the subsequent purchaser)]  and contrary to Midwest's theory, Buyer B ends up with good title over and against Buyer A.  The fact that  issuance of a deed by the Seller to Buyer A causes the Seller to lose unilateral control of the situation does not lead to the conclusion that Buyer A necessary prevails (i.e., ends up being the owner).  Buyer A had it perfectly within his power to "perfect" by promptly recording but failed to do so to his detriment.

This example is now applied to the tax sale context by direct analogy and application of the plain text of Section 548(d)(1).  Assume in the tax sale context that Buyer B obtained his deed from the Debtor after the expiration of the Debtor's redemption period and before issuance of the tax deed to Buyer A.

Now, paragraph (1) of Section 548(d) states with parentheticals added:

For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser (analogous to Buyer B) from the debtor

-5-

(analogous to the Seller) against whom applicable law permits such transfer to be perfected <u>cannot acquire</u> an interest in the property transferred that is superior to the interest in such property of the transferee (analogous to Buyer A) ...

So, under Section 548(d)(1), the relevant inquiry as to the time of transfer (in the express words of Section 548(d)(1): "a transfer is made WHEN ...") is:  at what point in time is it the case that Buyer B "<u>cannot acquire</u> an interest in the property transferred that is superior to the interest in such property" held by Buyer A?   Under Illinois tax sale law, that point in time is only when Buyer A has recorded his tax deed.  At any and all points in time prior thereto including from and before the expiration of the period of redemption, it was a possibility that Buyer A–the grantee in the tax deed–would fail to obtain and record his tax deed within the statutory period such that Buyer B would end up with superior and good title in the real estate.   In other words, prior to the recording of the tax deed, <u>it was possible</u> that Buyer B would "acquire an interest in the property that was superior to the interest of Buyer A (the tax deed grantee) which is merely formulating the result using the converse of the statutory language which defines the point of transfer as being that point when it is not possible (i.e., Section 548(d)(1) terminology of "cannot acquire an interest") for Buyer B to end up being superior to the tax deed grantee.        (Judge Katz's statement in <u>McKeever</u> (132 B.R. at 1010) that "absent a redemption, no third party could acquire a greater lien interest or take title free from this lien after such time" is incorrect, contradicted by Illinois tax sale law, and contradicted by Judge Katz's own statements which immediately follow including his observation: "If such an application is not properly filed, the lien represented by the Certificate of Purchase becomes invalid and is no longer enforceable by the tax sale purchaser." (132 B.R. at 1010)

(B) Second, as already noted, Midwest's conclusion quoted above: "Accordingly,

Debtors' interest in the property was extinguished on November 1, 2004" is similarly false as a

matter of Illinois law, whether in terms of equitable title, legal title or right to possession. This

Honorable Court should not adopt and embrace this legal untruth.

Midwest then goes on to state at p. 4 of its Reply:

> Debtors confuse the effect of the Section by misinterpreting the meaning of the word
> 'perfected." Debtors suggest that this section has the effect of extending the two year
> period by not counting "transfers which were made until they were perfected." Response
> ¶33. Debtors misconstrue the word "perfected" here to mean the recording of a deed
> because such is required in connection with a statutory tax deed to place merchantable
> title in the tax buyer.

Midwest repeats the charge at the top of p. 5 of its Reply:

> Debtors rely on In Re McKinney for the proposition that the recordation of a tax
> deed results in the vesting of merchantable title to the property in the grantee.

Midwest's second sentence ("Debtors suggest ...") contained in the first quote immediately above

is precisely correct because that is exactly what Section 548(d)(1) provides: unperfected transfers

are not counted as being made until the date of their perfection and unperfected transfers that had

not been perfected as of the Debtor's Petition Date are deemed by the very last clause of Section

548(d)(1) to have been "made immediately before the date of the filing of the petition." Debtors

have not confused the effect of Section 548 including paragraph (d)(1) with anything. Debtors'

argument about recording has nothing to do with placing merchantable title in the tax buyer.

Nowhere in Debtors' previously filed response is merchantable title discussed. Midwest's

reference to merchantable title is a complete misunderstanding by Midwest of Debtors' argument

and a red herring. Rather, Judge Katz recognized that recording of the tax deed was necessary to

perfect both the transfer made by the tax deed and the earlier transfer of the Debtor's ability

(right) to control the outcome that occurred at the time redemption rights expired. Judge Katz

wrote in <u>McKeever</u>:

> Unless the tax deed is recorded, it will become null and void by
> operation of law. *** Upon perfection, the effective date of the
> deed will relate back to the date on which the redemption period
> expired. ***The transfer would not be perfected and would not be
> deemed to have occurred until these procedures were completed*.*"
> (132 B.R. at 1010)

Thus, Judge Katz noted that the transfer would not be perfected and would not be deemed to

have occurred until these procedures including the recording of the tax deed were completed.

This is the date plainly identified by Section 548(d)(1). And, absent such recording, Judge Katz

wrote, as just quoted, that the tax purchaser's rights become null and void, notwithstanding the

previous expiration of the redemption period.

Judge Katz's fundamental error of dictum was to import, without any legal authority

whatsoever, the concept of relation back into Section 548(d)(1). The text of that paragraph of

the Bankruptcy Code simply does not permit such an importing and such importing constitutes

an impermissible rewriting of the statutory text, which text makes the date on which perfection

occurs the date of transfer for §548 purposes and consistent with the policy purpose undergirding

that section of the Bankruptcy Code, i.e., to bring unperfected transfers for less than full and

adequate consideration back into the bankruptcy estate.

Midwest's Reply continues:

> If the transferee's interest is superior to that of a purported
> purchaser, then the transfer occurs.

But Midwest's use of the word "is" is misplaced. No determination of superiority of rights can

be made until the completion of the perfection process. More importantly, Midwest is not

entitled to argue without citation to legal authority when the transfer occurs for Section 548

purposes. Midwest utterly fails to address the point that Section 548(d)(1) plainly provides that the transfer occurs for Section 548 purposes when the transfer is finally perfected such that a Buyer B cannot prevail. Judge Katz, himself, wrote that that date is the date when and only when the tax deed is recorded.

Midwest's Reply then states:

> Applying that rule to this case, the transfer occurred upon the expiration of the redemption period because after that date, the Debtors were incapable of redeeming the property and, therefore, incapable of selling any interest in the property which would have been superior to the interest then held by SI-PI

As shown by the analysis above, this assertion simply is not true. The Debtors were "not incapable of selling any interest in the property which would have been superior to the interest then held by SI-PI." The Debtors were capable of selling such an interest even though they themselves were not the ones unilaterally capable of making it superior! Whether an interest they sold to Buyer B--subsequent to the expiration of their redemption rights entitling Buyer A (the tax sale purchaser) to a Certificate–would prove to be superior or subordinate could only be determined by the subsequent chain of events especially including Buyer A's compliance with each and every statutory requirement for perfection, including recording of the tax deed in timely fashion.

Finally, Midwest correctly notes that the McKinney did not involve the question of whether the recording of a tax deed within two years of the Debtor's Petition Date could be set aside under Section 548 where the period of redemption expired outside that two year period. But Midwest fails to note that neither was this issue presented or decided in any of the cases on which Midwest relies.

-9-

Accordingly, the instant case is a case of first impression. Dicta in <u>McKeever</u> has been shown to be in error in that Judge Katz (i) misunderstood and misstated when equitable title passes under Illinois tax sale law, (ii) overlooked that possessory rights can not transfer until issuance of the tax deed, and (iii) impermissibly, in dictum, attempted to rewrite the plain text of Section 548(d)(1) to add a relation-back doctrine.

There is no reason in law or in equity for this Honorable Court to embrace the incorrect dicta of <u>McKeever</u> which would thereby convert--for the first time in this judicial district-- unfortunate dicta into a case holding, thereby denying the Debtors their lawful right to set aside the conveyance of their unmortgaged homestead to a tax sale purchaser--a purchaser which is seeking to retain a large windfall, *permitted under state law but not under Title 11*, at the expense of the Debtors' general unsecured creditors. Instead, this Honorable Court should confirm that the statement of Illinois tax sale law most recently set forth with great care by Judge Perkins in <u>McKinney</u> is accurate and ought now be implemented on the specific issue at hand, which is: does a tax deed recorded within two years of the Petition Date constitute a transfer under Section 101(54) that may be set aside under Section 548, even if the expiration of the period of redemption occurred outside that section's two year period?

Respectfully submitted,

KEITH SMITH and DAWN SMITH

By:      /s/ Arthur G. Jaros, Jr. their counsel

Arthur G. Jaros, Jr.
1200 Harger Road - Suite #830
Oak Brook, Illinois  60523
(630) 574-0525

-10-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Keith Smith and Dawn Smith, | ) | Case No. 07 B 6631 |
|            Debtors | ) | |
| | ) | |
| -------------------------------------------------------- ) | | Chapter 13 |
| Keith Smith and Dawn Smith | ) | |
| | ) | |
|         Plaintiffs-Appellants | ) | Honorable Bruce W. Black, B.J0 |
| | ) | |
| vs. | ) | Adversary No. 07 A 00239 |
| | ) | |
| FIRST AMERICAN TITLE INSURANCE CO. | ) | |
| (d/b/a The Talon Group), | ) | |
| | ) | |
|       Defendant (previously dismissed) | ) | |
| and | ) | |
| | ) | |
| SIPI, LLC, and | ) | |
| MIDWEST CAPITAL INVESTMENTS, LLC | ) | |
| | ) | |
|       Defendants-Appellees | ) | |

NOTICE OF APPEAL

Keith Smith and Dawn Smith, Debtors-Plaintiffs, appeal under 28 U.S.C. §158(a), from the judgment and order of the bankruptcy judge, the Honorable Bruce W. Black, in this adversary proceeding pronounced from the bench on the twenty-eight (28th) day of September, 2007 and entered on third (3rd) day of October, 2007, granting the Defendants' Motions to Dismiss.

The names of all parties to the judgments, orders, or decrees appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Party Co-defendant/Appellee:     SIPI, LLC
Attorney:     Robert S. Krockey
             Timothy A. Clark
Address:     Krockey, Cernugel, Cowgill, Clark & Pyles, Ltd.
             3100 Theodore Street #101

**FILED**

NF

NOV 1 9 2007
Nov 19 2007
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

07CV 6534
JUDGE GUZMAN
MAGISTRATE JUDGE BROWN

APPENDIX H
R.8009(b)(7)

|            | Joliet, IL 60435        |
|------------|-------------------------|
| Telephone: | 815-729-3600            |
| Fax No.:   | 815-729-4280            |
| e-mail:    | rkrockey@kcccp.com      |
|            | timclark@kcccp.com      |

Party Co-defendant/Appellee:     MIDWEST CAPITAL INVESTMENTS, LLC

|            |                              |
|------------|------------------------------|
| Attorney   | Edward P. Freud              |
|            | Timothy S. Breems            |
| Address:   | Ruff, Weidenaar & Reidy, Ltd.|
|            | 222 N. LaSaale Street #700   |
|            | Chicago, IL 60601            |
| Telephone: | 312-263-3890                 |
| Fax No.:   | 312-602-4890                 |
| e-mail:    | epfreud@rwrlaw.com           |
|            | tbreems@rwrlaw.com           |

Dated: October 8, 2007
at Oak Brook, IL

Signed: _____

|            | Attorney for Appellants        |
|------------|--------------------------------|
| Attorney   | Arthur G. Jaros, Jr.           |
| Address:   | 1200 Harger Road, Suite #830   |
|            | Oak Brook, Illinois 60523      |
| Telephone: | (630) 574-0525 ext. 103        |
| Fax No.:   | (630) 574-8089                 |
| e-mail:    | agjlaw@earthink.net            |

-2-

CLOSED, APPEAL

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Adversary Proceeding #: 07-00239

*Assigned to:* Honorable Judge Bruce W. Black
*Related BK Case:* 07-06631
*Related BK Title:* Keith Smith and Dawn Smith
*Related BK Chapter:* 13
*Demand:* $99000
*Nature[s] of* 13 Recovery of money/property -
*Suit:*                  548 fraudulent transfer
                91 Declaratory judgment

*Date Filed:* 04/13/07
*Date Terminated:* 10/04/07
*Date Dismissed:* 10/03/07

This is to certify that the within and attached
document is a full, true, and correct copy of
the original thereof as the same appears on
file in the office of the Clerk of the United
States Bankruptcy Court for the Northern
District of Illinois
KENNETH S. GARDNER
CLERK OF COURT
By
Deputy Clerk
Dated

## Plaintiff
------------------------

**Keith Smith**
SSN: xxx-xx-6120

represented by **Arthur G. Jaros, Jr.**
Richter & Jaros
1200 Harger Road Suite 830
Oak Brook, IL 60523
630 574-0525 Ext. 103
Fax : 630 574-8089
Email: agjlaw@earthlink.net

**Arthur G Jaros Jr**
Law Office of Arthur G. Jaros, Jr.
1200 Harger Road
Suite 830
Oakbrook, IL 60523
630-574-0525
Fax : 630-574-8089
Email: agjlaw@earthlink.net
*LEAD ATTORNEY*

**FILED**

NOV 1 9 2007
NOV 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Dawn Smith**
SSN: xxx-xx-3304

represented by **Arthur G. Jaros, Jr.**
(See above for address)

**Arthur G Jaros Jr**
(See above for address)
*LEAD ATTORNEY*

## APPENDIX I
## R.8009(b)(8)

V.

**Defendant**
-----------------------

| | |
|---|---|
| **First American Title Insurance Co, *d/b/a The Talon Group*** *TERMINATED: 06/22/2007* | represented by **Edward P. Freud**<br>Ruff, Weidenaar et al<br>222 North LaSalle Street<br>Chicago, IL 60601<br>312 602-4890<br>Fax : 312 263-1345<br>Email: epfreud@rwrlaw.com |
| **sipi, llc** | represented by **Harold L Moskowitz**<br>Law Offices of Harold Moskowitz<br>55 West Monroe Street<br>Suite 1100<br>Chicago, IL 60603<br>312 346-6610<br>Fax : 312 422-8001<br>Email: hlmatty@aol.com |
| | **Timothy A. Clark**<br>Krockey, Cernugel, Cowgill Clark & Pyles<br>3100 Theodore Street<br>#101<br>Joliet, IL 60435<br>815 729-3600<br>Fax : 815 729-4280<br>Email: timclark@kcccp.com |
| **midwest capital investments, llc** | represented by **Edward P. Freud**<br>(See above for address) |
| | **Timothy S Breems**<br>Ruff Weidenaar & Reidy Ltd<br>222 North Lasalle Street Suite 700<br>Chicago, IL 60601<br>312 602-4888<br>Fax : 312 263-1345<br>Email: tbreems@rwrlaw.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 04/13/2007 | ❶1 | Adversary case 07-00239. (13 (Recovery of |

| | | |
|---|---|---|
| | | money/property - 548 fraudulent transfer)), (91 (Declaratory judgment)): Complaint by Keith Smith, Dawn Smith against First American Title Insurance Co, sipi, llc, midwest capital investments, llc. Fee Amount $250. Status hearing to be held on 7/20/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Jaros, Arthur) (Entered: 04/13/2007) |
| 04/13/2007 | 2 | Summons Link Summons Issued on First American Title Insurance Co Answer Due 05/14/2007; sipi, llc Answer Due 05/14/2007; midwest capital investments, llc Answer Due 05/14/2007 (Jaros, Arthur) (Entered: 04/13/2007) |
| 04/13/2007 | 3 | Receipt of Complaint(07-00239) [cmp,cmp] ( 250.00) Filing Fee. Receipt number 6838463. Fee Amount $ 250.00 (U.S. Treasury) (Entered: 04/13/2007) |
| 04/13/2007 | 4 | Adversary Proceeding Cover Sheet Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith. (Jaros, Arthur) (Entered: 04/13/2007) |
| 05/15/2007 | 5 | Appearance for Robert S. Krockey and Timothy A. Clark Filed by Timothy A. Clark on behalf of sipi, llc. (Clark, Timothy) (Entered: 05/15/2007) |
| 05/17/2007 | 6 | Appearance Filed by Harold L Moskowitz on behalf of sipi, llc. (Moskowitz, Harold) (Entered: 05/17/2007) |
| 05/17/2007 | 7 | Notice of Motion and Motion to Extend Time File Answer or Plead Filed by Harold L Moskowitz on behalf of sipi, llc. Hearing scheduled for 5/25/2007 at 10:00 AM at 219 South Dearborn, Courtroom 615, Chicago, Illnois 60604. (Attachments: # 1 Proposed Order) (Moskowitz, Harold) (Entered: 05/17/2007) |
| 05/22/2007 | 8 | Amended Notice of Motion Filed by Harold L Moskowitz on behalf of sipi, llc (RE: 7 Motion to Extend Time, ). Hearing scheduled for 6/1/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Moskowitz, Harold) (Entered: 05/22/2007) |
| 06/05/2007 | 9 | Routine Notice of Motion Filed by Edward P. Freud on |

| | | behalf of First American Title Insurance Co, midwest capital investments, llc. Hearing scheduled for 6/22/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Freud, Edward) (Entered: 06/05/2007) |
|---|---|---|
| 06/05/2007 | ●10 | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE**Notice of Motion and Motion for Agreed Order Leave to file appearance and answer Filed by Edward P. Freud on behalf of First American Title Insurance Co, midwest capital investments, llc. Hearing scheduled for 6/22/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Attachments: # 1 Proposed Order) (Freud, Edward) Modified on 6/22/2007 (Sims, Mildred). (Entered: 06/05/2007) |
| 06/01/2007 | ●11 | Order Denying for the Reasons Stated on the Record Motion to Extend Time (Related Doc # 7). Signed on 6/1/2007. (Gordon, Pamela) (Entered: 06/06/2007) |
| 06/08/2007 | ●12 | Notice of Motion and Motion to Dismiss Adversary Proceeding Filed by Timothy A. Clark on behalf of sipi, llc. Hearing scheduled for 6/22/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Clark, Timothy) (Entered: 06/08/2007) |
| 06/08/2007 | ●13 | Notice of Motion Filed by Timothy A. Clark on behalf of sipi, llc (RE: 12 Motion to Dismiss Adversary Proceeding). Hearing scheduled for 6/22/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Clark, Timothy) (Entered: 06/08/2007) |
| 06/12/2007 | ●14 | Notice of Motion and Motion for Leave to file appearance and responsive pleading Filed by Edward P. Freud on behalf of First American Title Insurance Co, midwest capital investments, llc. Hearing scheduled for 6/22/2007 at 10:00 AM at X EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Freud, Edward) (Entered: 06/12/2007) |
| 06/13/2007 | ●15 | Attachment(s) Proposed Order Filed by Edward P. Freud on behalf of First American Title Insurance Co, midwest |

| | | |
|---|---|---|
| | | capital investments, llc (RE: 14 Motion for Leave, ). (Freud, Edward) (Entered: 06/13/2007) |
| 06/22/2007 | ●16 | CORRECTIVE ENTRY INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE (RE: 10 Agreed Order, ). (Sims, Mildred) (Entered: 06/22/2007) |
| 06/22/2007 | ●17 | Appearance Filed by Edward P. Freud on behalf of midwest capital investments, llc. (Freud, Edward) (Entered: 06/22/2007) |
| 06/22/2007 | ●18 | Notice of Motion and Motion to Dismiss Adversary Proceeding Filed by Edward P. Freud on behalf of midwest capital investments, llc. Hearing scheduled for 8/17/2007 at 11:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Freud, Edward) (Entered: 06/22/2007) |
| 06/22/2007 | ●19 | Notice of Motion and Uncontested Motion to Dismiss Party Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith. Hearing scheduled for 6/22/2007 at 10:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Jaros, Arthur) (Entered: 06/22/2007) |
| 06/22/2007 | ●20 | Notice of Filing of Filing of Rule 21 Motion Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith (RE: 19 Motion to Dismiss Party, ). (Jaros, Arthur) (Entered: 06/22/2007) |
| 06/25/2007 | ●21 | Hearing Continued (RE: 12 Dismiss Adversary Proceeding,). Hearing Scheduled for 08/17/2007 at 11:00 AM at Will County Court Annex 57 North Ottawa, Joliet, IL, 60432. (Davis,Shurray) (Entered: 06/25/2007) |
| 06/22/2007 | ●22 | Order Scheduling (RE: 13 Notice of Motion, 12 Motion to Dismiss Adversary Proceeding). Hearing scheduled for 8/17/2007 at 11:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. Signed on 6/22/2007 (Gordon, Pamela) Modified on 6/27/2007 to correct docket text to include Agreed (Rodarte, Aida). (Entered: 06/26/2007) |
| | | |

| 06/22/2007 | ❍23 | Order Granting Motion to Dismiss Party First American Title Insurance Co (Related Doc # 19). Signed on 6/22/2007. (Gordon, Pamela) (Entered: 06/26/2007) |
|---|---|---|
| 06/22/2007 | ❍24 | Agreed Order Granting Motion for Leave (Related Doc # 14). Signed on 6/22/2007. (Gordon, Pamela) (Entered: 06/26/2007) |
| 06/26/2007 | ❍25 | Attachment(s) Proposed Order Filed by Edward P. Freud on behalf of midwest capital investments, llc (RE: 18 Motion to Dismiss Adversary Proceeding, ). (Freud, Edward) (Entered: 06/26/2007) |
| 06/27/2007 | ❍26 | CORRECTIVE ENTRY to correct docket text to include Agreed (RE: 22 Order Scheduling, ). (Rodarte, Aida) (Entered: 06/27/2007) |
| 07/20/2007 | ❍27 | Memorandum in Opposition to Rule 12(b)(6) Motions to Dismiss Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith (RE: 18 Motion to Dismiss Adversary Proceeding,, 12 Motion to Dismiss Adversary Proceeding). (Jaros, Arthur) (Entered: 07/20/2007) |
| 07/20/2007 | ❍28 | Certificate of Service Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith (RE: 27 Memorandum). (Jaros, Arthur) (Entered: 07/20/2007) |
| 07/24/2007 | ❍29 | Hearing Continued (RE: 1 Complaint, ). Status hearing to be held on 8/17/2007 at 11:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Nelson, Freddie) (Entered: 07/24/2007) |
| 08/03/2007 | ❍30 | Memorandum in Opposition to Plaintiff's Response to Rule 12(B)(6) Motion to Dismiss Filed by Timothy A. Clark on behalf of sipi, llc. (Clark, Timothy) (Entered: 08/03/2007) |
| 08/03/2007 | ❍31 | Service List Notice of Filing of Reply by SIPI Filed by Timothy A. Clark on behalf of sipi, llc. (Clark, Timothy) (Entered: 08/03/2007) |
| 08/03/2007 | ❍32 | **INCORRECT EVENT ENTETED, FILER NOTIFIED TO REFILE** Brief Reply in Support of Motion to Dismiss |

| | | |
|---|---|---|
| | | Filed by Timothy S Breems on behalf of midwest capital investments, llc. (Attachments: # 1 Exhibit Exhibit A to Reply in Suport of Motion to Dismiss) (Breems, Timothy) Modified on 8/7/2007 (Sims, Mildred). (Entered: 08/03/2007) |
| 08/06/2007 | ❂33 | Reply to (related document(s): 18 Motion to Dismiss Adversary Proceeding, ) Filed by Timothy S Breems on behalf of midwest capital investments, llc (Attachments: # 1 Exhibit A to Reply in Support of Motion to Dismiss) (Breems, Timothy) (Entered: 08/06/2007) |
| 08/06/2007 | ❂34 | Notice of Filing Filed by Timothy S Breems on behalf of midwest capital investments, llc (RE: 33 Reply). (Breems, Timothy) (Entered: 08/06/2007) |
| 08/07/2007 | ❂35 | CORRECTIVE ENTRY INCORRECT EVENT ENTETED, FILER NOTIFIED TO REFILE (RE: 32 Brief, ). (Sims, Mildred) (Entered: 08/07/2007) |
| 08/22/2007 | ❂36 | Hearing Continued (RE: 18 Dismiss Adversary Proceeding,). Hearing Scheduled for 08/31/2007 at 11:00 AM at Will County Court Annex 57 North Ottawa, Joliet, IL, 60432. (Davis,Shurray) (Entered: 08/22/2007) |
| 08/22/2007 | ❂37 | Hearing Continued (RE: 12 Dismiss Adversary Proceeding,). Hearing Scheduled for 08/31/2007 at 11:00 AM at Will County Court Annex 57 North Ottawa, Joliet, IL, 60432. (Davis,Shurray) (Entered: 08/22/2007) |
| 08/22/2007 | ❂38 | Hearing Continued (RE: 1 Complaint, ). Status hearing to be held on 8/31/2007 at 11:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Davis, Shurray) (Entered: 08/22/2007) |
| 08/17/2007 | ❂39 | Order Scheduling (RE: 18 Motion to Dismiss Adversary Proceeding, ). Reply due by: 8/24/2007 Status hearing to be held on 8/31/2007 at 11:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. Signed on 8/17/2007 (Gordon, Pamela) (Entered: 08/24/2007) |
| 08/24/2007 | ❂40 | Memorandum Filed by Arthur G. Jaros Jr. on behalf of |

| | | |
|---|---|---|
| | | Dawn Smith, Keith Smith (RE: 39 Order Scheduling, ). (Jaros, Arthur) (Entered: 08/24/2007) |
| 08/24/2007 | ◐41 | Certificate of Service Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith (RE: 40 Memorandum). (Jaros, Arthur) (Entered: 08/24/2007) |
| 09/05/2007 | ◐42 | Hearing Continued (RE: 12 Motion to Dismiss Adversary Proceeding, 18 Motion to Dismiss Adversary Proceeding,, 1 Complaint, ). Status hearing to be held on 9/28/2007 at 11:00 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (Davis, Shurray) (Entered: 09/05/2007) |
| 10/03/2007 | ◐43 | Order Granting Motion to Dismiss Adversary Proceeding (Related Doc # 12), Granting Motion to Dismiss Adversary Proceeding (Related Doc # 18). Signed on 10/3/2007. (Gordon, Pamela) (Entered: 10/04/2007) |
| 10/04/2007 | ◐44 | Adversary Case 1-07-ap-239 Closed . (Gordon, Pamela) (Entered: 10/04/2007) |
| 10/08/2007 | ◐45 | Notice of Appeal to District Court. Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith. Fee Amount $255 (RE: 43 Order on Motion to Dismiss Adversary Proceeding, ). Appellant Designation due by 10/18/2007. Transmission of Record Due by 11/19/2007. (Jaros, Arthur) (Entered: 10/08/2007) |
| 10/08/2007 | 46 | Receipt of Notice of Appeal(07-00239) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 7700407. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 10/08/2007) |
| 10/08/2007 | ◐47 | Certificate of Service Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith (RE: 45 Notice of Appeal, ). (Jaros, Arthur) (Entered: 10/08/2007) |
| 10/09/2007 | ◐48 | Notice of Filing to Bk Judge and Parties on Service List (RE: 45 Notice of Appeal, ). (Sims, Mildred) (Entered: 10/09/2007) |
| 10/18/2007 | ◐49 | Appellant Designation of Contents For Inclusion in Record |

| | | |
|---|---|---|
| | | On Appeal Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith. (RE: <u>45</u> Notice of Appeal, ). (Jaros, Arthur) (Entered: 10/18/2007) |
| 10/18/2007 | ●<u>50</u> | Statement of Issues on Appeal Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith. (RE: <u>45</u> Notice of Appeal, ). (Jaros, Arthur) (Entered: 10/18/2007) |
| 10/18/2007 | ●<u>51</u> | Certificate of Service Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith, Keith Smith (RE: <u>49</u> Appellant Designation, <u>50</u> Statement of Issues on Appeal). (Jaros, Arthur) (Entered: 10/18/2007) |
| 10/26/2007 | ●52 | Request for Transcript re: Appeal Filed by Arthur G. Jaros Jr. on behalf of Dawn Smith , Keith Smith . (RE: <u>45</u> Notice of Appeal, ). Transcript Due by 11/20/2007. (Sims, Mildred) (Entered: 10/26/2007) |

1

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3

 4   In re:                          )
                                     )
 5   KEITH & DAWN SMITH,             ) No. 07 B 06631
                                     )
 6                     Debtors.      )
     -------------------------------)
 7   KEITH & DAWN SMITH,             )
                                     ) No. 07 A 00239
 8                     Plaintiffs,   )
                                     )
 9              vs.                  )
                                     )
10   SIPI, LLC., ET AL.,             ) Joliet, Illinois
                                     ) August 31, 2007
11                     Defendants.   ) 10:00 a.m.

12

13          TRANSCRIPT OF PROCEEDINGS BEFORE THE
                 HONORABLE BRUCE W. BLACK

14

15   APPEARANCES:

16   MR. ARTHUR JAROS
     on behalf of the debtors/plaintiffs;
17
     MR. ROBERT KROCKEY
18   on behalf of defendant, SIPI;

19   MR. TIMOTHY BREEMS
     on behalf of defendant, Midwest Capital;
20
     MR. GERALD MYLANDER
21   on behalf of the Chapter 13 Trustee.

22

23

24                       APPENDIX J
                         R.8009(b)(9)
25
```

2

1      MR. JAROS:  Good morning, Judge.  Arthur

2  Jaros on behalf of the debtors and plaintiffs in the

3  adversary.

4      MR. KROCKEY:  Robert Krockey on behalf of

5  SIPI, defendant in the adversary.

6      MR. BREEMS:  Tim Breems for Midwest

7  Capital, defendant in the adversary.

8      MR. JAROS:  Your Honor, we were before you

9  a couple of weeks ago, and I asked for an

10  opportunity to file a sur-reply instead of doing

11  oral argument, and I have filed it on time.

12          Your Honor had inquired of me as to

13  compensation.  We are not seeking fees at this time,

14  as indicated in our 2016(b) disclosure, which I

15  filed.  Point four specifically says any additional

16  compensation is dependent on the success of the

17  adversary, that we would be paid in whatever amount

18  the court allows upon petition out of the refinance.

19  That only works if our adversary is successful.

20          So at this point we're not seeking any

21  fees.  We'll petition the court when our adversary

22  work is completed.  We knew that would be part of

23  this case.  And those services are included under

24  6(b) of our 2016(b).

25      THE COURT:  Gentlemen, Mr. Jaros has filed

3

1   his document.  Do either of you want to respond in

2   writing?

3              MR. KROCKEY:  No, Your Honor.

4              MR. BREEMS:  No.

5              THE COURT:  All right.

6                   Mr. Mylander, what's your perspective

7   in the case?  Waiting until the adversary is

8   resolved?

9              MR. MYLANDER:  Exactly, Judge.  In the plan

10  Mr. Jaros sets out a couple of potential options,

11  depending on what the result of the adversary is, so

12  we just need to know the result of that so we can go

13  forward and figure out -- I think the debtors need

14  to figure out what they need to do after that.

15             THE COURT:  All right.  And I'm familiar

16  with the documents that have been filed.

17                   Mr. Krockey, any argument that you

18  haven't put in writings?

19             MR. KROCKEY:  No, sir, other than the fact

20  that the law has been very clear for a long time.

21             THE COURT:  And, Mr. Breems, anything

22  beside the documents?

23             MR. BREEMS:  Yes, only to point out that in

24  the sur-reply it's premised upon an analogy to a

25  situation where there's a buyer A and a buyer B.

4

1   And buyer A takes a deed, but does not record that

2   instrument.   Buyer B then takes a deed and does

3   record it.

4                And the argument is that because buyer

5   B would take good title, being a BFP, because buyer

6   A's deed was not recorded -- therefore, this is

7   analogous to our situation where we have a

8   redemption period that expires and a deed recorded

9   after that redemption period.

10               The analogy is faulty.   The analogy is

11  faulty because the redemption period -- the

12  expiration of the redemption period stems from a tax

13  deed proceeding, which is spread in numerous ways of

14  public record.   All third parties are deemed to have

15  notice that that redemption period was expiring,

16  unlike the example wherein deed A is never recorded.

17               Therefore, when you apply the test

18  that the plaintiff admits should be applied to this

19  case; namely, if a buyer of the debtor, Mrs. Smith,

20  after the estimate of redemption expires, if a buyer

21  from her would take an interest in the property that

22  is not superior to the interest of the tax buyer,

23  then the transfer has occurred.   And that is the law

24  of this court and that's the law that needs to be

25  applied to this case.

5

1          MR. KROCKEY:  The transfer took place,

2    Judge, when the period of redemption expired.

3          THE COURT:  All right.  Mr. Jaros, any last

4    words?

5          MR. JAROS:  I don't agree with counsel's

6    argument in that in the situation he posits, if

7    after the expiration of the certificate of

8    redemption the property owner then deeded to  let's

9    call him buyer B, buyer B could end up superior if

10   the tax sale purchaser, the certificate holder,

11   failed to obtain and record within the statutory

12   period this tax deed.

13          So it is possible.  And the test under

14   548(b)(1) is whether it's possible for a subsequent

15   grantee in a deed to become superior to the

16   certificate holder.  And the answer is it is

17   possible.  That outcome cannot be known until, as

18   Judge Katz himself acknowledged, the transfers are

19   perfected.

20          And as Judge Katz said, the perfection

21   cannot be finalized until the tax deed is issued and

22   recorded.  Under the text of 548(b)(1), that is when

23   the transfer occurs for 548(b) purposes.  And that

24   is why dictum to the contrary in some cases is, in

25   our view, Your Honor, not correct.

6

1    The final thing I'll say is that my

2    analogy was based on a pure race jurisdiction where

3    notice is irrelevant.  Counsel's first observation

4    or statement here on the analogy was that, well,

5    didn't have notice.  If you're in a pure race

6    jurisdiction, it doesn't matter.  And the analogy is

7    therefore valid.

8    Thank you, Judge.

9    MR. KROCKEY:  The analogy isn't valid

10   simply because the case is lis pendens.

11   THE COURT:  Okay.  I will take the matter

12   under advisement.  I'll set a status date four weeks

13   out.  That's September 28th at 11:00.  And I hope to

14   have it resolved before then, and advise you

15   accordingly.

16   MR. JAROS:  Thank you, very much, Your

17   Honor.

18   MR. KROCKEY:  Thank you.

19   MR. BREEMS:  Thank you.

20   THE COURT:  And confirmation, Mr. Mylander?

21   MR. MYLANDER:  Let's just track that date,

22   Judge.  It would be convenient for all parties to

23   keep them on same days.

24   MR. JAROS:  And we're current with all our

25   monthly payments and the escrow amounts that the

7

1    plan provides.

2            THE COURT:  All right.  Very well.

3            MR. JAROS:  Thank you, Judge.

4

5            (Which were all the proceedings
             had in the above-entitled cause,
             August 31, 2007.)

6

7    I, LISA BRESNAHAN, DO HEREBY CERTIFY THAT THE
     FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
8    PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**11 USC § 101.    Definitions**

In this title the following definitions shall apply:



(54) The term "transfer" means —

    (A) the creation of a lien;

    (B) the retention of title as a security interest;

    (C) the foreclosure of a debtor's equity of redemption; or

    (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—

        (i) property; or

        (ii) an interest in property.



(Nov. 6, 1978, P. L. 95-598, Title I, § 101, 92 Stat. 2549; July 27, 1982, P. L. 97-222, § 1, 96 Stat. 235; July 10, 1984, P. L. 98-353, Title III, Subtitle F, § 391, Subtitle G, § 401, Subtitle H, § 421, 98 Stat. 364, 366, 367; Oct. 27, 1986, P.L. 99-554, Title II, Subtitles A-C, §§ 201, 251, 283(a), 100 Stat. 3097, 3104, 3116; Oct. 18, 1988, P.L. 100-506, § 1(a), 102 Stat. 2538; Nov. 3, 1988, P. L. 100-597, § 1, 102 Stat. 3028; June 25, 1990, P.L. 101-311, Title I, § 101, Title II, § 201, 104 Stat. 267, 268; Nov. 29, 1990, P.L. 101-647, Title XXV, Subtitle B, § 2522(e), 104 Stat. 4867; Oct. 24, 1992, P.L. 102-486, Title XXX, Subtitle B, § 3017(a), 106 Stat. 3130; Oct. 22, 1994, P.L. 103-394, Title I, § 106, Title II, §§ 208(a), 215, 217(a), 218(a), Title III, § 304(a), Title V, § 501(a), (b)(1), (d)(1), 108 Stat. 4111, 4124, 4126, 4127, 4128, 4132, 4141, 4142, 4143; Dec. 21, 2000, P.L. 106-554, § 1(a)(5) [Title I, § 112(c)(5)(B)], 114 Stat. 2763; April 20, 2005, P. L. 109-8, 119 Stat. 23; Pub.L. 109-390, § 5(a)(1), Dec. 12, 2006, 120 Stat. 2695.

APPENDIX K-1
R.8010(b)

11 USC § 548.    Fraudulent transfers and obligations

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation incurred (including any obligation to or for the benefit of an insider under an employment contract) by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

(2) A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case in which.—

(A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or

(B) the contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (A), if the transfer was consistent with the practices of the debtor in making charitable contributions.

(b) The trustee of a partnership debtor may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, to a general partner in the debtor, if the debtor was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

(c) Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

(d)(1) For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

(2) In this section—

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor;

(B) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency that receives a margin payment, as defined in section 101, 741, or 761 of this title, or settlement payment, as defined in section 101 or 741 of this title, takes for value to the extent of such payment;

APPENDIX K-2
R.8010(b)

(C) a repo participant or financial participant, that receives a margin payment, as defined in section 741 or 761 of this title, or settlement payment, as defined in section 741 of this title, in connection with a repurchase agreement, takes for value to the extent of such payment;

(D) a swap participant financial participant, that receives a transfer in connection with a swap agreement takes for value to the extent of such transfer; and

(E) a master netting agreement participant that receives a transfer in connection with a master netting agreement or any individual contract covered thereby takes for value to the extent of such transfer, except that, with respect to a transfer under any individual contract covered thereby, to the extent that such master netting agreement participant otherwise did not take (or is otherwise not deemed to have taken) such transfer for value.

(3) In this section, the term ''charitable contribution'' means a charitable contribution, as that term is defined in section 170(c) of the Internal Revenue Code of 1986, if that contribution—

(A) is made by a natural person; and

(B) consists of.—

(i) a financial instrument (as that term is defined in section 731(c)(2)(C) of the Internal Revenue Code of 1986); or

(ii) cash.

(4) In this section, the term ''qualified religious or charitable entity or organization'' means—

(A) an entity described in section 170(c)(1) of the Internal Revenue Code of 1986; or

(B) an entity or organization described in section 170(c)(2) of the Internal Revenue Code of 1986.

(e)(1) In addition to any transfer that the trustee may otherwise avoid, the trustee may avoid any transfer of an interest of the debtor in property that was made on or within 10 years before the date of the filing of the petition, if—

(A) such transfer was made to a self-settled trust or similar device;

(B) such transfer was by the debtor;

(C) the debtor is a beneficiary of such trust or similar device; and

(D) the debtor made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted.

(2) For the purposes of this subsection, a transfer includes a transfer made in anticipation of any money judgment, settlement, civil penalty, equitable order, or criminal fine incurred by, or which the debtor believed would be incurred by—

(A) any violation of the securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47))), any State securities laws, or any regulation or order issued under Federal securities laws or State securities laws; or

(B) fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78l and 78o(d)) or under section 6 of the Securities Act of 1933 (15 U.S.C. 77f).

(Nov. 6, 1978, P. L. 95-598, Title I, § 101, 92 Stat. 2600; July 27, 1982, P. L. 97-222, § 5, 96 Stat. 236; July 10, 1984. P. L. 98-353, Title III, Subtitle F, § 394, Subtitle H, § 463, 98 Stat. 365, 378; Oct. 27, 1986. P.L. 99-554, Title II, Subtitle C, § 283(n), 100 Stat. 3117; June 15, 1990, P.L. 101-311, Title I, § 104, Title II, § 204, 104 Stat. 268, 269; Oct. 22, 1994, P.L. 103-394, Title V, § 501(b)(5), 108 Stat. 4142; June 19, 1998, P.L. 105-183,

§§ 2, 3(a), 112 Stat. 517, 518), (April 20, 2005, P. L. 109-8, Title IX, §§ 907(f), (o)(4), (5), (6); Title XIV, § 1402, 119 Stat. 23.)