No. 07 cv 06534

IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) Bankruptcy No. 07 B 6631 |
| KEITH SMITH and DAWN SMITH, Debtors | ) Hon. Bruce W. Black |
| ------------------------------------------------- | ) |
| KEITH SMITH and DAWN SMITH, | ) Appeal from: |
|         Plaintiffs-Appellants, | ) Adversary No. 07 A 00239 |
| | ) |
|       v. | ) Hon. Ronald A. Guzman, District Judge |
| | ) |
| SIPI, LLC, and | ) |
| MIDWEST CAPITAL INVESTMENTS, LLC, | ) |
|         Defendants-Appellees. | ) |

**BRIEF AND ARGUMENT OF DEFENDANT-APPELLEE
MIDWEST CAPITAL INVESTMENTS, LLC**

ORAL ARGUMENT REQUESTED

> Timothy S. Breems
> Lindsay A. Herrington
> RUFF, WEIDENAAR & REIDY, LTD.
> 222 North LaSalle Street
> Suite 700
> Chicago, Illinois 60601
> (312) 263-3890
> Attorneys for Defendant-Appellee
> Midwest Capital Investments, LLC

198261.1

## TABLE OF CONTENTS

POINTS AND AUTHORITIES................................................................................2

SUMMARY OF THE ARGUMENT.....................................................................3-4

ARGUMENT...........................................................................................................5-8

    The Bankruptcy Court Properly Characterized the Expiration
    of the Redemption Period as a Transfer Under Section 548......................................5

CONCLUSION (PRAYER).......................................................................................9

# POINTS AND AUTHORITIES

**Statutes**

11 U.S.C. Section 548; pgs. 3, 5, 6

U.S.C. Section 548(d)(1); pg. 7

35 ILCS 200/22-40(a); pg. 8

**Cases**

Application of County Collector, 99 Ill.App. 2d 143, 241 N.E.2d (3d Dist. 1968); pg. 6

Bequette, 184 B.R. 327; pg. 6

Butler, 171 B.R. 321 (Bankr. N.D. Ill. 1994, Schmetterer, B.J.); pg. 5

McKeever, 132 B.R. 996 (Bankr. N.D. Illinois, 1991, Katz, B.J.); pgs. 5-6

McKinney, 341 B.R. 892 (C.D. Ill 2006); pgs. 5-7

Moureau, 147 B.R. 441 (Bankr. N.D. Illinois, 1992 Wedoff, B.J.); pg. 5

## SUMMARY OF THE ARGUMENT

On November 2, 2001, real estate taxes for the year 2000 were sold on the property commonly known as 720 Fox Street, Joliet, Illinois (the "Property"). (Appendix A, ¶14; ¶2 of Exhibit A to Appendix F-2). From and after March 25, 2004, Dawn Smith held record title to the Property after having inherited it from a family member. (Appendix A, ¶12). The period of redemption by which Dawn Smith could have redeemed the Property by paying the 2000 taxes expired on November 1, 2004. (¶5 and ¶6 of Exhibit A to Appendix F-2). Thus, the relevant date of the Property transfer was November 1, 2004.

A certificate for the sold taxes was issued to the Talon Group (the "Tax Certificate"). (Appendix A, ¶14). The Talon Group subsequently assigned its rights under the Tax Certificate to SIPI, LLC. (Appendix A, ¶15). On April 15, 2005, the Will County clerk's office executed a tax deed in favor of SIPI, LLC and said deed was recorded with the Will County Recorder of Deeds on May 19, 2005 as Document No. R2005082894. (Appendix A, ¶16). On August 10, 2005, SIPI, LLC granted the Property by warranty deed to Midwest Capital Investments, LLC ("Midwest"). (Appendix A, ¶17).

On April 13, 2007, Keith and Dawn Smith (the "Debtors") filed both their Chapter 13 Bankruptcy petition and adversary complaint in this matter. (Appendix A). Debtors seek to set aside the transfer of their Property as a fraudulent conveyance pursuant to Section 548 of the Bankruptcy Code (11 U.S.C. 548). (Appendix A, ¶19 through ¶22). Section 548 requires that a transfer must have occurred within two years prior to the filing of the debtors' bankruptcy petition. 11 U.S.C. 548.

3

As the transfer occurred when the redemption period expired on November 1, 2004, and Debtors filed their Bankruptcy Petition more than two years after said transfer, their claim falls outside of the timeframe limit. As such, Debtors are entitled to no relief from SIPI or Midwest.

## THE BANKRUPTCY COURT PROPERLY CHARACTERIZED THE EXPIRATION OF THE REDEMPTION PERIOD AS A TRANSFER UNDER SECTION 548

In their appellate brief, Debtors claim that the bankruptcy court erred in ruling that the expiration of the redemption period, which occurred on November 1, 2004 and whereby Debtors lost all interest in the property, including the right to redeem, constituted a transfer within the meaning of Section 548 of the Bankruptcy Code. (11 U.S.C. 548) As such, Debtors seek to set aside the transfer of their Property as a fraudulent conveyance pursuant to Section 548. (11 U.S.C. 548). Section 548 requires that a transfer must have occurred within two years prior to the filing of the debtors' bankruptcy petition. 11 U.S.C. 548.

The transfer of property that is the subject of Illinois tax deed proceedings occurs upon the expiration of the period of redemption from the tax sale. In re McKeever, 132 BR 996 (Bankr.N.D.Ill. 1991); In re Butler, 171 BR 321 (Bankr.N.D. Ill. 1994); and In re Moureau, 147 BR 441 (Bankr.N.D. Ill. 1991). In this case, the period of redemption unquestionably expired on November 1, 2004. (Appendix F-2, pages 6 through 8). Therefore, in compliance with Illinois law, the date of the Property transfer was November 1, 2004. The Debtors did not file their Bankruptcy Petition until April 13, 2007, more than two years after the Property was transferred to SIPI, LLC.

Debtors rely heavily on the assertion that Judge Katz, in his opinion in McKeever, misapplied the text of the Bankruptcy Code. (Appellants' Brief, pages 8 through 20). In re McKeever, 132 B.R. 996 (Bankr.N.D. Illionis, 1991, Katz, B.J.). Debtors ignore the process by which to determine when property is transferred and rather insist that the McKeever court made inconsistent statements and misinterpreted Illinois law. (Appellants' Brief, page 17). In an attempt to confuse a simple, decided

5

issue, Debtors merely focus on irrelevant dicta in McKeever. Debtors make the inaccurate assertion that pursuant to Section 548, the time of transfer should be deemed to be the date of recording of the deed, instead of the date upon which the period of redemption expires. On the contrary, the McKeever court clearly explained that any attempts by the prior owner to redeem the property after the redemption period expires would be in vain. Id at 1007. The court stated "Since the consequence of a failure to redeem is the issuance of a tax deed, resulting in the owner's loss of the property and the ouster of other interested parties, the right of redemption must be strictly adhered to." Id. In his oral opinion, Judge Black wholeheartedly agreed with the opinion in McKeever and stated: "McKeever and subsequent cases have unambiguously held that 'The transfer to be avoided here occurred upon the expiration of the redemption period.'" (Appendix C, p. 11, line 5 through 6). Citing In re Bequette, Judge Black noted "upon expiration of the redemption period, the owner loses all interest in the property, including the right to redeem, and can do nothing to prevent issuance of a tax deed to the tax purchaser…At that time the tax purchaser acquires equitable title to the property and has the right to obtain legal title by providing compliance with the statutory requirements." (Appendix C, p. 9, line 14 through 23, citing In re Bequette 184 B.R. 327 at 336). In this case, Debtors lost their right to redeem the Property on November 1, 2004. Again, pursuant to Section 548, this transfer occurred well outside of the period in which a trustee or a debtor may avoid the transfer.

Additionally, Debtors rely on In re McKinney for the proposition that the recordation of a tax deed results in the vesting of merchantable title to the property in the grantee. In re McKinney, 341 B.R. 892 (C.D. Illinois 2006). In re McKinney involved the issues of whether a real estate tax buyer

6

holds a claim that may be modified in a Chapter 13 plan and the effect of expiration of the redemption period post-petition. These are not the issues in the case at bar. For that reason, in his oral opinion, Judge Black stated that the McKinney court never addressed the issue presented in the instant case. Nonetheless, the McKinney court's findings are consistent with those in McKeever. The McKinney court recognized that the expiration of the redemption period triggered a tax buyer's rights in the property. That trigger would therefore be sufficient to constitute a transfer under Section 548 even if additional perfunctory events must thereafter occur to vest merchantable fee simple title in the tax buyer. In short, the date of "transfer" under Section 548 is not synonymous with the date of vesting of indefeasible, merchantable title, as Debtors continue to focus on.

In looking at the plain meaning of Section 548, it is clear that a transfer of property occurs when the prior owner's rights are extinguished. The prior owner's rights are immediately extinguished upon the expiration of the period of redemption; the time between the tax sale and the statutorily mandated deadline where an owner has a right to redeem his property. Under the Illinois Revenue Act, to be valid, redemption must be made on or before the last day of the redemption period by the property owner or an interested party. In re Application of County Collector, 99 Ill. App. 2d 143, 241 N.E.2d 216 (3d Dist. 1968). Attempts to redeem after the expiration of the redemption period are a nullity and have no effect. Id at 146. Accordingly, Debtors' interest in the Property was extinguished on November 1, 2004.

The proposition that the date of "transfer" occurs upon extinguishment of the debtors interest in the property is codified at Section 548(d)(1), which states as follows: "A transfer is made when such transfer is so perfected that a bona fide purchaser **from the debtor** against

whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest of such property in the transferee" (emphasis added). Debtors confuse the effect of the Section by misinterpreting the meaning of the word "perfected." (Appellants' Brief, page 21 through 22). Debtors misconstrue the word "perfected" to mean the recording of a deed because such is required in connection with a statutory tax deed to place merchantable title in the tax buyer. Rather, the transfer is determined by comparing the interest in the property that would be acquired by a purchaser from the debtor to the interest that is acquired by the transferee. Section 35 ILCS 200/22-40(a) provides that "if the redemption period expires and the property has not been redeemed and all taxes and special assessments which became due and payable subsequent to the sale have been paid…the court shall so find and enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser…a tax deed." In other words, if the transferee's interest is superior to that of a purported purchaser, then the transfer occurs. Applying that rule to this case, the transfer occurred upon the expiration of the redemption period because after that date, the Debtors were incapable of redeeming the Property and, therefore, incapable of selling any interest in the property which would have been superior to the interest then held by SIPI, LLC.

## CONCLUSION

In conclusion, the period of redemption during which Debtors had the opportunity to redeem their Property expired on November 1, 2004. As Debtors did not redeem the Property prior to this date, their interest in the property was extinguished and a tax deed was properly granted to Midwest, which should be given full effect.

WHEREFORE, the Defendant, Midwest Capital Investments, LLC, hereby moves this Court to affirm the dismissal by Judge Black of Keith and Dawn Smith's Adversary Complaint.

>                         Respectfully submitted,
>                         Midwest Capital Investments, LLC,
>                         an Illinois limited liability company,
>
>
>                         s/Lindsay A. Herrington
>                           One of its attorneys

Timothy S. Breems
Lindsay A. Herrington
Ruff, Weidenaar & Reidy, Ltd.
222 North LaSalle Street
Suite 700
Chicago, Illinois 60601
(312) 263-3890