U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 1 4 2008
3-14-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KEITH SMITH and DAWN SMITH,        )
                                    )
     Debtors-Plaintiffs-Appellants, )
                                    )
vs.                                 )    07 CV 6534
                                    )    Bankruptcy Adversary Proceeding Appeal
SIPI, LLC, and                      )    Honorable Ronald A. Guzman
MIDWEST CAPITAL INVESTMENTS,        )    Magistrate Judge Geraldine Soat Brown
LLC,                                )
                                    )
     Defendants-Appellees.          )

## NOTICE OF FILING

TO:  See attached Service List.

PLEASE TAKE NOTICE that we have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, this 6th day of March, 2008, the following document:

**BRIEF AND ARGUMENT OF DEFENDANT-APPELLEE, SIPI, LLC**

KROCKEY, CERNUGEL, COWGILL
& CLARK, LTD.

BY: /s/ Robert S. Krockey
                Robert S. Krockey

Robert S. Krockey (01532316)
Timothy A. Clark (06200999)
Thomas E. Cowgill (00530980)
Krockey, Cernugel, Cowgill & Clark, Ltd.
3100 Theodore Street, Suite 101
Joliet, Illinois 60435
Phone: 815/729-3600

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U. S. Post Office mail box in Joliet, Illinois, on the  6th  day of March, 2008.

/s/ Robert S. Krockey

## SERVICE LIST

Mr. Arthur G. Jaros, Jr.
Richter & Jaros
1200 Harger Road
Suite #830
Oak Brook, IL 60523

Mr. Harold L. Moskowitz
Law Offices of Harold L. Moskowitz
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603

Mr. Timothy Scott Breems
Ms. Lindsay A. Herrington
Ruff, Weidenaar & Reidy, Ltd.
222 N. LaSalle Street, Suite 700
Chicago, IL 60601

United States Trustee
Office of the United States Trustee
227 West Monroe Street, Suite 3350
Chicago, IL 60606

Mr. Kenneth S. Gardner, Clerk
U.S. Bankruptcy Court, Northern District
219 S. Dearborn Street
Chicago, Illinois 60604

NO. 07 CV 06534

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEITH SMITH and DAWN SMITH, | ) | Bankruptcy No. 07 B 6631 |
| | ) | Honorable Bruce W. Black |
| Debtors-Plaintiffs-Appellants, | ) | |
| | ) | Appeal from: |
| vs. | ) | Adversary No. 07 A 00239 |
| | ) | |
| SIPI, LLC, and | ) | Honorable Ronald A. Guzman, |
| MIDWEST CAPITAL INVESTMENTS, LLC, | ) | District Judge |
| | ) | |
| Defendants-Appellees. | ) | |

## BRIEF AND ARGUMENT OF DEFENDANT-APPELLEE, SIPI, LLC

ORAL ARGUMENT REQUESTED



FILED
3-14-2008
MAR 1 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Robert S. Krockey (01532316)
Timothy A. Clark (06200999)
Thomas E. Cowgill (00530980)
Krockey, Cernugel, Cowgill & Clark, Ltd.
3100 Theodore Street, Suite 101
Joliet, Illinois 60435
Phone: 815/729-3600
Attorneys for Defendant-Appellee, SIPI, LLC

## TABLE OF CONTENTS

| | Page |
|---|---|
| **Points and Authorities**............................................................................... | 3 |
| **Summary of the Argument**....................................................................... | 4 |
| **The Transfer Sought to be Avoided Occurred More Than Two Years Prior to the Filing of Debtors' Bankruptcy Petition**........................................... | 5 |
| **Conclusion**.................................................................................................. | 8 |

## **POINTS AND AUTHORITIES**

Page

**Statutes**

11 USC Section 548.................................................................................................. 5

11 USC Section 101(54)........................................................................................... 6

Section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401).......... 6

Section 22-45 of the Property Tax Code (35 ILCS 200/22-45).............................. 7

**Cases**

McKeever, 132 BR 996 (Bankr. ND Illinois, 1991 Katz, BJ) ................................. 5

Moreau, 147 BR 441 (Bankr. ND Illinois, 1992 Wedoff, BJ)................................. 5

Butler, 171 BR 321 (Bankr. ND Illinois, 1994, Schmetterer, BJ)........................... 5

## **SUMMARY OF THE ARGUMENT**

SIPI purchased the real estate tax certificate for the revenue year 2000 with regard to the property located at 720 Fox Street, Joliet, Illinois. The tax sale occurred on November 2, 2001 (Appendix F-2, Exhibit A, Paragraph 2). The period of redemption expired November 1, 2004 (Appendix F-2, Exhibit A, Paragraph 5). No redemption for such tax sale was made by Dawn Smith, the then owner or by any other parties interested in that property (Appendix F-2, Exhibit A, Paragraph 6).

A tax deed was issued to SIPI, LLC, who in turn sold the property to Midwest Capital Investments, LLC, for a valuable consideration (Appendix A, Paragraphs 15-16). Both deeds were timely and duly recorded (Appendix A, Paragraphs 16-17).

The Debtors, Keith and Dawn Smith, filed their bankruptcy petition under Chapter 13 on April 13, 2007. Their adversary complaint was filed the same day (Appendix A). The adversary complaint seeks to avoid the tax deed issued to SIPI and in turn void the subsequent conveyance to Midwest Capital Investments, LLC, under 11 USC Section 548 (Appendix A, Paragraphs 19-26). That Section requires that the transfer sought to be avoided must have occurred within two years prior to the filing of the Debtors' bankruptcy.

SIPI contends that the transfer, as defined in 11 USC 101 (54), occurred on November 1, 2004, the date on which the period of redemption from the state tax sale occurred. That date is more than two years before Debtors filed their bankruptcy petition. Therefore, the statute does not allow Debtors to avoid the tax deed issued to SIPI and SIPI's subsequent sale of the property.

4

### THE TRANSFER SOUGHT TO BE AVOIDED OCCURRED MORE THAN TWO YEARS PRIOR TO THE FILING OF DEBTORS' BANKRUPTCY PETITION

Plaintiffs' brief acknowledges their position is contrary to existing established precedent. No less than seven respected bankruptcy judges have reaffirmed the legal principle that for purposes of 11 USC Section 548 the two-year avoidance period begins on the date the period of redemption expires under Illinois law and not on an earlier or later date. Here the redemption period expired under Illinois law on November 1, 2004, while the Plaintiffs' Chapter 13 Petition was filed on April 13, 2007, more than two years later. In the interim, SIPI complied with Illinois law in all respects and perfected its tax deed. It proved up its tax deed petition, received an order for tax deed, obtained the tax deed and timely recorded it. Plaintiffs did nothing in the interim to protect themselves, including, but not limited to, contesting the validity of the tax deed or seeking bankruptcy protection on a more timely basis. Finally, the property was sold to whom we assert is a bona fide purchaser for value complicating this matter even more. Thus, we submit Judge Katz's decision and well-reasoned opinion in McKeever, 132 BR 996 (Bankr. ND Illinois, 1991) and followed in Moreau, 147 BR 441 (Bankr. ND Illinois, 1992 Wedoff, BJ) and Butler, 171 BR 321 (Bankr. ND Illinois, 1994, Schmetterer, BJ) and other cases cited in Plaintiffs' brief and as relied on by Judge Black, should be affirmed by this court.

Plaintiffs' assertion that the date of recording the tax deed is the date that controls the timing of the transfer for purposes of 11 USC Section 548 and the tortuous, rambling argument in its support fails to grasp two very essential facts in support of Judge Katz's opinion in McKeever. First, by the time the redemption period expired on November 1, 2004, SIPI had taken all steps necessary up until that time to extinguish Plaintiffs' rights in the

5

property. Second, up until that time the Plaintiffs themselves controlled the destiny of the property, but after November 1, 2004, it was SIPI who was in control. The key to this proposition is the definition of "transfer" found in 11 USC 101(54), and the key word in that definition is "conditional". Up until November 1, 2004, the involuntary interest in the property in SIPI's hands was subject to the condition of Plaintiffs' right to redeem the property from the tax sale. They did not. It is also significant to note that by the time the period of redemption expired, SIPI had served them with all of the required statutory notices, had published same and stood poised to receive an order for tax deed, obtain the deed and record it. These last acts are also within the definition of conditions in 11 USC Section 101(54) but with the significant difference that the conditions for perfection were all acts or omissions of SIPI and not the Plaintiffs. At this point the transfer to SIPI was perfected because Plaintiffs could not have conveyed an interest in the property to BFP after November 1, 2004, greater than SIPI's except for the conditions precedent all under SIPI's control. The BFP would have acquired rights no greater than Plaintiffs'.

What Plaintiffs seem to be arguing is that unless all possible time periods for Plaintiffs to contest the tax deed in all matter of fashion have expired, the transfer required under 11 USC Section 548(d)(1) will not have occurred. If this is so, why are the words "absolute or conditional" used in Section 101(54)? In this regard we point out to the court (a) that if the court adopts this twisted logic, the absolute and unconditional incontestability period for the tax deed under Illinois law would not have occurred until November 15, 2006; and (b) if we add two years to that date, the time to avoid the transfer under Section 548 will now expire on November 15, 2008, a date in the future. Under Section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401), the Plaintiffs would have two years from the date of the tax

6

deed order to bring a petition to set aside the tax deed under one or more of the grounds in Section 22-45 of the Property Tax Code (35 ILCS 200/22-45), even if the tax deed had been recorded. We do not believe this is the kind of extended time period Congress had in mind when it enacted the Bankruptcy Code.

Finally, we note Plaintiffs' argument about a contest between a tax purchaser and third party BFP in their brief. The argument goes no place because the party Plaintiffs describe as a BFP is not a BFP at all. It is an elementary legal principle that a BFP takes without knowledge of a prior interest. Plaintiffs' example described Buyer B as "a bona fide purchaser for value, who has knowledge that Seller had contracted to sell the property to Buyer A". Thus, their argument falls of its own weight. There is no race to the Recorder's office because B's deed is subject to attack, to say nothing of a fraud claim that Seller would be subject to. Knowledge of a prior conveyance in a tax deed setting is irrelevant because the Seller does not have within his control any title to transfer that would be superior to the tax certificate holder once the period of redemption expires.

## CONCLUSION

Established precedent, to say nothing of common sense, indicates that for purposes of 11 USC 548, the transfer here occurred when the redemption period expired. Since the Debtors did not redeem from the tax sale, their rights in the property ended at that time. Their filing of a bankruptcy petition two and one-half years later is simply too late for them to be granted the relief they seek.

For all of the above reasons, the ruling of the Bankruptcy Court dismissing their adversary complaint should be affirmed.

SIPI, LLC, Defendant-Appellee,

BY: _____
Robert S. Krockey, one of its attorneys

Robert S. Krockey (01532316)
Timothy A. Clark (06200999)
Thomas E. Cowgill (00530980)
Krockey, Cernugel, Cowgill & Clark, Ltd.
3100 Theodore Street, Suite 101
Joliet, Illinois 60435
Phone: 815/729-3600