IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| KEITH SMITH and DAWN SMITH, ) | |
| ) | |
| Debtors-Plaintiffs-Appellants, ) | No. 07 C 6534 |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | |
| SIPI, LLC and MIDWEST CAPITAL ) | Appeal from: |
| INVESTMENTS, LLC, ) | Adversary No. 07 A 239 |
| ) | Bankruptcy No. 07 B 6631 |
| Defendants-Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

Keith and Dawn Smith are debtors in Chapter 13 bankruptcy. They filed an adversary action against SIPI, LLC and Midwest Capital Investments, LLC to, among other things, avoid the tax deed defendants have or had on the debtors' home as a fraudulent transfer. On September 28, 2007, Bankruptcy Judge Black granted defendants' motion to dismiss those claims, a ruling the debtors appeal. For the reasons set forth below, the Court affirms Judge Black's decision.

### Facts

In March 2004, Dawn Smith inherited property in Joliet, Illinois. (Appellant's Br., App. A, Compl. ¶¶ 11-12.)

Three years earlier, on November 2, 2001, SIPI had purchased the real estate taxes owed on that property for the year 2000. (*Id.* ¶¶ 13-14.)

On November 4, 2004, the period of redemption from the tax sale expired. (Appellant's Br., App. F-2, SIPI's Reply Mot. Dismiss, Ex. A, Report Proceedings & Aff. Supp. Pet. Tax Deed ¶¶ 5-6.)

On April 15, 2005, the Will County Clerk executed a tax deed for the property in favor of SIPI. (*Id.*, App. A, Compl. ¶ 16.)

On August 10, 2005, SIPI sold the property to Midwest Capital. (*Id.* ¶ 17.)

On April 13, 2007, the debtors filed their petition under Chapter Thirteen of the Bankruptcy Code as well as their adversary complaint seeking to set aside the tax deed as a fraudulent transfer pursuant to 11 U.S.C. § ("section") 548. (Appellant's Br. at 4.)

On September 28, 2007, Bankruptcy Judge Black granted defendants' motion to dismiss, ruling that the transfer the debtors contested was not avoidable under section 548 because it had occurred more than two years before the debtors filed. (*See id.*, App. C, Hr'g Tr. of 9/28/07 at 2, 4-11.)

## Discussion

This Court reviews *de novo* the bankruptcy court's ruling that the debtors' section 548 claims were insufficient as a matter of law. *In re UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir. 1993). Judge Black held that the transfer of the debtors' interest in the Joliet property occurred when the tax sale redemption period expired in November 2004. (Appellant's Br., App. C, Hr'g Tr. of 9/28/97 at 8-9.) Because the transfer occurred more than two years before the debtors filed their bankruptcy petition, Judge Black held that it was not avoidable under section 548. (*Id.* at 10-11.) The debtors contend that Judge Black's decision was erroneous because, as a matter of law, the transfer of the Joliet property occurred not when the redemption period expired in 2004, but when the tax deed was executed on April 15, 2005, which was within two years of their bankruptcy filing.

The Court disagrees. Section 548 permits the debtors to avoid "any transfer . . . of [their] interest . . . in property" that occurred within two years before they filed their bankruptcy petition if

2

they "received less than a reasonably equivalent value in exchange for [the] transfer" and were "insolvent on the date [the] transfer was made . . . or became insolvent as a result of [it]." 11 U.S.C. § 548(a)(1)(B). The Bankruptcy Code defines a "transfer" as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with" a property interest. *Id.* § 101(54). Moreover, it says that a transfer occurs, for purposes of section 548, when it "is so perfected that a bona fide purchaser ['BFP'] from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee . . . ." *Id.* § 548(d)(1). Thus, the question is, at what point would the debtors have been unable to convey an interest in the Joliet property to a BFP that would have been superior to defendants' interests?

Judge Black said that date was when the redemption period expired because that was when "'the tax purchaser acquire[d] equitable title to the property and ha[d] the right to obtain legal title by proving compliance with statutory requirements.'" (Appellant's Br., App. C, Hr'g Tr. of 9/28/97 at 9 (quoting *In re Bequette*, 184 B.R. 327, 336 (S.D. Ill. 1995)).) The debtors say that is an incorrect statement of Illinois law, which holds:

> No property is forfeited at the tax sale; the tax sale buyer receives, for the amount of the delinquent taxes, plus interest and costs, a tax sale certificate. The owner may pay the taxes at any time before the tax sale is final, and the property tax lien is extinguished when the tax sale certificate is issued. The tax sale certificate does not constitute title to the property, which the owner still holds. Rather, the tax sale certificate is personal property, a form of negotiable instrument, which represents a lien on the property in favor of the tax buyer and the tax buyer's right to enforce the lien and institute tax deed proceedings after the redemption period expires.

*In re Cook County Treasurer*, 542 N.E.2d 15, 16 (Ill. App. Ct. 1989). Given that defendants did not acquire title to the property until the tax deed was executed, the debtors contend that Judge Black's ruling must be reversed.

3

Even if defendants did not obtain equitable title to the property when the redemption period expired – an issue the Court need not decide – that does not mean that no section 548 transfer occurred on that date. As noted above, the Bankruptcy Code defines "transfer" broadly to include divestitures that are involuntary and conditional. 11 U.S.C. § 101(54). Moreover, according to section 548, a transfer occurs, not when title passes, but when the debtors are unable to give to a BFP an interest in the property that would be superior to defendants' interest. *Id.* § 548(d)(1).

Under Illinois law, that day was the day the tax sale redemption period expired. The Illinois Revenue Code deems a tax lien to be a "first lien on the property, superior to all other liens and encumbrances, from and including the first day of January in the year in which the taxes are levied until the taxes are paid or until the property is sold under this Code." 35 Ill. Comp. Stat. 200/21-75. Further, the state courts have held that a certificate of purchase, which is what defendants received after the tax sale, constitutes a tax lien from the day it is issued until the day a valid tax deed is executed. *City of Chi. v. City Realty Exch., Inc.*, 262 N.E.2d 230, 233 (Ill. App. Ct. 1970). In other words, from the date of the tax sale until the expiration of the redemption period, defendants' lien was subordinate only to the debtors' redemption interest. *See In re Rosewell*, 498 N.E.2d 790, 794 (Ill. App. Ct. 1986) (stating that "the right of a purchaser to get a deed is subservient to the right of the owner or interested party in the property to redeem"). Once the redemption period expired, defendants' lien took priority, leaving the debtors with only "naked legal title [to the property], subject to being divested" by execution of the tax sale deed. *In re Drusilla Carr Land Corp.*, 101 F.2d 897, 899 (7th Cir. 1939) (construing Indiana law); *see In re Winters*, No. 93-7381, 1995 WL 453053, at *5 (N.D. Ill. July 28, 1995) ("Up until the expiration of the redemption period, the debtor may take affirmative action to retain the property free and clear of all liens by paying the taxes and any applicable penalties and interest. After the redemption period has expired, there is nothing that

the debtor can do to prevent the purchaser from obtaining a deed to the property." (citation omitted)). Because the debtors could not, after the redemption period expired, transfer to a BFP an interest in the Joliet property that was superior to defendants' interest, Judge Black correctly held that a transfer for the purposes of section 548 occurred on that day. Moreover, because the redemption period expired more than two years before the debtors filed for bankruptcy, Judge Black's dismissal of their section 548 claims was appropriate.[1]

### Conclusion

For the reasons set forth above, the Court affirms Judge Black's dismissal of the debtors' claims to avoid the tax deed issued in favor of defendants under 11 U.S.C. § 548. This case is terminated.

**SO ORDERED.**     ENTERED: 6/26/08

HON. RONALD A. GUZMAN
United States District Judge

---

[1] The debtors' reliance on *In re McKinney*, 141 B.R. 892 (C.D. Ill. 2006), is misplaced. That court held that: (1) "a tax buyer is a creditor who holds a claim that may be modified in a Chapter 13 plan, as long as the state law redemption period has not expired prior to the bankruptcy filing"; and (2) "Section 108(b) does not limit a debtor's right to pay the claims over the term of the plan." *Id.* at 896. Thus, its later statement that "an affirmative action . . . to obtain a tax deed is a necessary precondition to any divestiture of the debtor's [property] interest" is *dicta*. *See id.* at 898.