UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | District Court #1:07-cv-6534 |
| Keith Smith and Dawn Smith, ) | Honorable Ronald A. Guzman, |
| Debtors ) | District Judge |
| ) | Bankruptcy Case No. 07 B 6631 |
| ------------------------------------------------------------) | Chapter 13 |
| Keith Smith and Dawn Smith ) | |
| ) | |
| Plaintiffs-Appellants ) | Honorable Bruce W. Black, B.J. |
| ) | |
| vs. ) | Adversary No. 07 A 00239 |
| ) | |
| FIRST AMERICAN TITLE INSURANCE CO. ) | |
| (d/b/a The Talon Group), ) | |
| ) | |
| Defendant (previously dismissed) ) | |
| and ) | |
| ) | |
| SIPI, LLC, and ) | |
| MIDWEST CAPITAL INVESTMENTS, LLC ) | |
| ) | |
| Defendants-Appellees ) | |

NOTICE OF APPEAL
TO
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Keith Smith and Dawn Smith, Debtors-Plaintiffs, appeal under 28 U.S.C. §158(d)(1) to the United States Court of Appeals for the Seventh Circuit from the final Judgment, Memorandum Opinion and Order, and Minute Order of the district court for the Northern District of Illinois, entered on the docket on June 30, 2008, having been filed on June 26, 2008, which affirmed the Bankruptcy Court's Order dismissing their Adversary Proceeding under 11 U.S.C. Section 548.

The parties to the judgment and orders appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Party Co-defendant/Appellee:    SIPI, LLC
Attorney:       Robert S. Krockey
                Timothy A. Clark
Address:        Krockey, Cernugel, Cowgill, Clark & Pyles, Ltd.
                3100 Theodore Street #101
                Joliet, IL 60435
Telephone:      815-729-3600
Fax No.:        815-729-4280
e-mail:         rkrockey@kcccp.com
                timclark@kcccp.com

Party Co-defendant/Appellee:    MIDWEST CAPITAL INVESTMENTS, LLC
Attorney        Edward P. Freud
                Timothy S. Breems
Address:        Ruff, Weidenaar & Reidy, Ltd.
                222 N. LaSaale Street #700
                Chicago, IL 60601
Telephone:      312-263-3890
Fax No.:        312-602-4890
e-mail:         epfreud@rwrlaw.com
                tbreems@rwrlaw.com


Dated: July 25, 2008
at Oak Brook, IL

Signed: _____
                Attorney for Appellants
Attorney        Arthur G. Jaros, Jr.
Address:        1200 Harger Road, Suite #830
                Oak Brook, Illinois 60523
Telephone:      (630) 574-0525 ext. 103
Fax No.:        (630) 574-8089
e-mail:         agjlaw@earthink.net

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 07cv6534

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Keith Smith, Dawn Smith, (appellants) | | Sipi, LLC (appellees) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Arthur G. Jaros, Jr. | Name | Harold L. Moskowitz |
| Firm | Richter & Jaros | Firm | Law Offices of Harold L. Moskowitz |
| Address | 1200 Harger Road<br>Suite 830<br>Oak Brook, IL 60521-1822 | Address | 55 West Monroe Street<br>Suite 1100<br>Chicago, IL 60603 |
| Phone | (708) 574-0525 | Phone | (312) 346-6610 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Guzman | Date Filed in District Court | 11/19/07 |
| Court Reporter | N. LaBella 6890 | Date of Judgment | 6/30/08 |
| Nature of Suit Code | 422 | Date of Notice of Appeal | `7/25/08 |

COUNSEL:   Appointed [ ]   Retained [X]   Pro Se [ ]

FEE STATUS:   Paid [X]   Due [ ]   IFP [ ]

   IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6534 | **DATE** | 6/26/2008 |
| **CASE TITLE** | KEITH SMITH, et al vs. SIPI, LLC, et al | | |

**DOCKET ENTRY TEXT**

Enter Memorandum Opinion and Order: The Court affirms Judge Black's dismissal of the debtors' claims to avoid the tax deed issued in favor of defendants under 11 U.S.C. Section 548. Any pending motions or schedules are stricken as moot. This case is terminated.

■ [ For further detail see separate order(s).]

Docketing to mail notices.
*Mail AO 450 form.

| | Courtroom Deputy Initials: | CG |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| KEITH SMITH and DAWN SMITH, ) | |
| ) | |
| Debtors-Plaintiffs-Appellants, ) | No. 07 C 6534 |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | |
| SIPI, LLC and MIDWEST CAPITAL ) | Appeal from: |
| INVESTMENTS, LLC, ) | Adversary No. 07 A 239 |
| ) | Bankruptcy No. 07 B 6631 |
| Defendants-Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

Keith and Dawn Smith are debtors in Chapter 13 bankruptcy. They filed an adversary action against SIPI, LLC and Midwest Capital Investments, LLC to, among other things, avoid the tax deed defendants have or had on the debtors' home as a fraudulent transfer. On September 28, 2007, Bankruptcy Judge Black granted defendants' motion to dismiss those claims, a ruling the debtors appeal. For the reasons set forth below, the Court affirms Judge Black's decision.

## Facts

In March 2004, Dawn Smith inherited property in Joliet, Illinois. (Appellant's Br., App. A, Compl. ¶¶ 11-12.)

Three years earlier, on November 2, 2001, SIPI had purchased the real estate taxes owed on that property for the year 2000. (*Id.* ¶¶ 13-14.)

On November 4, 2004, the period of redemption from the tax sale expired. (Appellant's Br., App. F-2, SIPI's Reply Mot. Dismiss, Ex. A, Report Proceedings & Aff. Supp. Pet. Tax Deed ¶¶ 5-6.)

On April 15, 2005, the Will County Clerk executed a tax deed for the property in favor of SIPI. (*Id.*, App. A, Compl. ¶ 16.)

On August 10, 2005, SIPI sold the property to Midwest Capital. (*Id.* ¶ 17.)

On April 13, 2007, the debtors filed their petition under Chapter Thirteen of the Bankruptcy Code as well as their adversary complaint seeking to set aside the tax deed as a fraudulent transfer pursuant to 11 U.S.C. § ("section") 548. (Appellant's Br. at 4.)

On September 28, 2007, Bankruptcy Judge Black granted defendants' motion to dismiss, ruling that the transfer the debtors contested was not avoidable under section 548 because it had occurred more than two years before the debtors filed. (*See id.*, App. C, Hr'g Tr. of 9/28/07 at 2, 4-11.)

## Discussion

This Court reviews *de novo* the bankruptcy court's ruling that the debtors' section 548 claims were insufficient as a matter of law. *In re UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir. 1993). Judge Black held that the transfer of the debtors' interest in the Joliet property occurred when the tax sale redemption period expired in November 2004. (Appellant's Br., App. C, Hr'g Tr. of 9/28/97 at 8-9.) Because the transfer occurred more than two years before the debtors filed their bankruptcy petition, Judge Black held that it was not avoidable under section 548. (*Id.* at 10-11.) The debtors contend that Judge Black's decision was erroneous because, as a matter of law, the transfer of the Joliet property occurred not when the redemption period expired in 2004, but when the tax deed was executed on April 15, 2005, which was within two years of their bankruptcy filing.

The Court disagrees. Section 548 permits the debtors to avoid "any transfer . . . of [their] interest . . . in property" that occurred within two years before they filed their bankruptcy petition if

2

they "received less than a reasonably equivalent value in exchange for [the] transfer" and were "insolvent on the date [the] transfer was made . . . or became insolvent as a result of [it]." 11 U.S.C. § 548(a)(1)(B). The Bankruptcy Code defines a "transfer" as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with" a property interest. *Id.* § 101(54). Moreover, it says that a transfer occurs, for purposes of section 548, when it "is so perfected that a bona fide purchaser ['BFP'] from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee . . . ." *Id.* § 548(d)(1). Thus, the question is, at what point would the debtors have been unable to convey an interest in the Joliet property to a BFP that would have been superior to defendants' interests?

Judge Black said that date was when the redemption period expired because that was when "'the tax purchaser acquire[d] equitable title to the property and ha[d] the right to obtain legal title by proving compliance with statutory requirements.'" (Appellant's Br., App. C, Hr'g Tr. of 9/28/97 at 9 (quoting *In re Bequette*, 184 B.R. 327, 336 (S.D. Ill. 1995)).) The debtors say that is an incorrect statement of Illinois law, which holds:

> No property is forfeited at the tax sale; the tax sale buyer receives, for the amount of the delinquent taxes, plus interest and costs, a tax sale certificate. The owner may pay the taxes at any time before the tax sale is final, and the property tax lien is extinguished when the tax sale certificate is issued. The tax sale certificate does not constitute title to the property, which the owner still holds. Rather, the tax sale certificate is personal property, a form of negotiable instrument, which represents a lien on the property in favor of the tax buyer and the tax buyer's right to enforce the lien and institute tax deed proceedings after the redemption period expires.

*In re Cook County Treasurer*, 542 N.E.2d 15, 16 (Ill. App. Ct. 1989). Given that defendants did not acquire title to the property until the tax deed was executed, the debtors contend that Judge Black's ruling must be reversed.

3

Even if defendants did not obtain equitable title to the property when the redemption period expired – an issue the Court need not decide – that does not mean that no section 548 transfer occurred on that date. As noted above, the Bankruptcy Code defines "transfer" broadly to include divestitures that are involuntary and conditional. 11 U.S.C. § 101(54). Moreover, according to section 548, a transfer occurs, not when title passes, but when the debtors are unable to give to a BFP an interest in the property that would be superior to defendants' interest. *Id.* § 548(d)(1).

Under Illinois law, that day was the day the tax sale redemption period expired. The Illinois Revenue Code deems a tax lien to be a "first lien on the property, superior to all other liens and encumbrances, from and including the first day of January in the year in which the taxes are levied until the taxes are paid or until the property is sold under this Code." 35 Ill. Comp. Stat. 200/21-75. Further, the state courts have held that a certificate of purchase, which is what defendants received after the tax sale, constitutes a tax lien from the day it is issued until the day a valid tax deed is executed. *City of Chi. v. City Realty Exch., Inc.*, 262 N.E.2d 230, 233 (Ill. App. Ct. 1970). In other words, from the date of the tax sale until the expiration of the redemption period, defendants' lien was subordinate only to the debtors' redemption interest. *See In re Rosewell*, 498 N.E.2d 790, 794 (Ill. App. Ct. 1986) (stating that "the right of a purchaser to get a deed is subservient to the right of the owner or interested party in the property to redeem"). Once the redemption period expired, defendants' lien took priority, leaving the debtors with only "naked legal title [to the property], subject to being divested" by execution of the tax sale deed. *In re Drusilla Carr Land Corp.*, 101 F.2d 897, 899 (7th Cir. 1939) (construing Indiana law); *see In re Winters*, No. 93-7381, 1995 WL 453053, at *5 (N.D. Ill. July 28, 1995) ("Up until the expiration of the redemption period, the debtor may take affirmative action to retain the property free and clear of all liens by paying the taxes and any applicable penalties and interest. After the redemption period has expired, there is nothing that

the debtor can do to prevent the purchaser from obtaining a deed to the property." (citation omitted)). Because the debtors could not, after the redemption period expired, transfer to a BFP an interest in the Joliet property that was superior to defendants' interest, Judge Black correctly held that a transfer for the purposes of section 548 occurred on that day. Moreover, because the redemption period expired more than two years before the debtors filed for bankruptcy, Judge Black's dismissal of their section 548 claims was appropriate.[1]

## Conclusion

For the reasons set forth above, the Court affirms Judge Black's dismissal of the debtors' claims to avoid the tax deed issued in favor of defendants under 11 U.S.C. § 548. This case is terminated.

**SO ORDERED.**                           ENTERED: 6/26/08

HON. RONALD A. GUZMAN<br>
United States District Judge

---

[1] The debtors' reliance on *In re McKinney*, 141 B.R. 892 (C.D. Ill. 2006), is misplaced. That court held that: (1) "a tax buyer is a creditor who holds a claim that may be modified in a Chapter 13 plan, as long as the state law redemption period has not expired prior to the bankruptcy filing"; and (2) "Section 108(b) does not limit a debtor's right to pay the claims over the term of the plan." *Id.* at 896. Thus, its later statement that "an affirmative action . . . to obtain a tax deed is a necessary precondition to any divestiture of the debtor's [property] interest" is *dicta*. *See id.* at 898.

# United States District Court
## Northern District of Illinois
### Eastern Division

KEITH SMITH, et al                    **JUDGMENT IN A CIVIL CASE**

      v.                              Case Number: 07 C 6534

SIPI, LLC, et al

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the Court affirms Judge Black's dismissal of the debtors' claims to avoid the tax deed issued in favor of defendants under 11 U.S.C. Section 548. This case is terminated.

Michael W. Dobbins, Clerk of Court

Date: 6/26/2008

/s/ Carole Gainer, Deputy Clerk

APPEAL, BROWN, TERMED

# United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07−cv−06534
*Internal Use Only*

| | |
|---|---|
| Smith et al v. Sipi, LLC et al<br>Assigned to: Honorable Ronald A. Guzman<br>Case in other court:  USBC, ND/IL, 07A239, 07B06631<br>Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BAP) | Date Filed: 11/19/2007<br>Date Terminated: 06/26/2008<br>Jury Demand: None<br>Nature of Suit: 422 Bankruptcy Appeal (801)<br>Jurisdiction: Federal Question |

**Appellant**

**Keith Smith**      represented by      **Arthur George Jaros, Jr.**
Richter &Jaros
1200 Harger Road
Suite 830
Oak Brook, IL 60521−1822
(708) 574−0525
Email: agjlaw@earthlink.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellant**

**Dawn Smith**      represented by      **Arthur George Jaros, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Sipi, LLC**      represented by      **Harold L Moskowitz**
Law Offices of Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
(312)346−6610
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy A. Clark**
Krockey, Cernugel, Cowgill, Clark &Pyles and Pyles
3100 Theodore Street
Suite 101
Joliet, IL 60435
(815)729−3600
*ATTORNEY TO BE NOTICED*

**Appellee**

**Midwest Capital Investments. LLC**      represented by      **Edward P. Freud**
Ruff, Weidenaar &Reidy, Ltd.
222 North LaSalle Street
Suite 1525
Chicago, IL 60601
(312) 263−3890
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

|   |   | **Lindsay Allaire Herrington**<br>Ruff, Weidenaar &Reidy, Ltd.<br>222 N. LaSalle Street<br>Suite 700<br>Chicago, IL 60601<br>312 602 4833<br>Email: lherrington@rwrlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Scott Nelson**<br>Ruff, Weidenaar &Reidy, Ltd.<br>222 North LaSalle Street<br>Suite 1525<br>Chicago, IL 60601<br>(312) 263−3890<br>Email: snelson@rwrlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Timothy Scott Breems**<br>Ruff, Weidenaar &Reidy, Ltd.<br>222 North LaSalle Street<br>Suite 700<br>Chicago, IL 60601<br>(312) 263−3890<br>Email: tsbreems@rwrlaw.com<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **Service List** | represented by | **United States Trustee**<br>Office of the United States Trustee<br>227 West Monroe Street<br>Suite 3350<br>Chicago, IL 60606<br>*ATTORNEY TO BE NOTICED*<br><br>**Bruce W Black**<br>Judge<br>US Bankruptcy Court<br>219 South Dearborn Street<br>Chicago, IL 60604<br>312−435−5694<br>*ATTORNEY TO BE NOTICED*<br><br>**Kenneth S. Gardner**<br>United States Bankruptcy Court<br>Northern District of Illinois<br>219 South Dearborn Street<br>Chicago, IL 60604<br>(312)435−5654<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2007 | 1 | APPEAL from U.S. Bankruptcy Court case number 07B06631, 07A239 consisting of one volume(s) of pleadings (Judge Black). (lcw, ) (Entered: 11/21/2007) |
| 11/19/2007 | 2 | CIVIL Cover Sheet. (lcw, ) (Entered: 11/21/2007) |
| 11/19/2007 | 3 | ONE VOLUME of Pleadings relating to bankruptcy appeal 1 . (lcw, ) (Documents Not Scanned) Modified on 11/21/2007 (lcw, ). (Entered: 11/21/2007) |

| | | |
|---|---|---|
| 11/21/2007 | | MAILED Rule 83.15 and 83.16 letters to counsel of record. (lcw, ) (Entered: 11/21/2007) |
| 11/28/2007 | 4 | MINUTE entry before Judge Ronald A. Guzman :The Court orders the parties to appear for an initial status hearing. All parties shall refer to and comply with Judge Guzman's requirements for the initial appearance as outlined in Judge Guzman's case management procedures, which can be found at: www.ilnd.uscourts.govStatus hearing set for 12/7/2007 at 09:30 AM.Mailed notice (cjg, ) (Entered: 11/28/2007) |
| 12/04/2007 | 5 | MOTION by Appellants Keith Smith, Dawn Smith for extension of time *to file Appellants' Brief* (Jaros, Arthur) (Entered: 12/04/2007) |
| 12/04/2007 | 6 | NOTICE by Keith Smith, Dawn Smith re MOTION by Appellants Keith Smith, Dawn Smith for extension of time *to file Appellants' Brief* 5 (Jaros, Arthur) (Entered: 12/04/2007) |
| 12/04/2007 | 7 | ATTORNEY Appearance for Appellants Keith Smith, Dawn Smith by Arthur George Jaros, Jr (Jaros, Arthur) (Entered: 12/04/2007) |
| 12/04/2007 | 8 | ATTORNEY Appearance for Appellee Midwest Capital Investments. LLC by Lindsay Allaire Herrington (Herrington, Lindsay) (Entered: 12/04/2007) |
| 12/04/2007 | 9 | ATTORNEY Appearance for Appellee Midwest Capital Investments. LLC by Lindsay Allaire Herrington (Herrington, Lindsay) (Entered: 12/04/2007) |
| 12/04/2007 | 10 | ATTORNEY Appearance for Appellee Midwest Capital Investments. LLC by Lindsay Allaire Herrington (Herrington, Lindsay) (Entered: 12/04/2007) |
| 12/04/2007 | 11 | ATTORNEY Appearance for Appellee Midwest Capital Investments. LLC by Timothy Scott Breems (Breems, Timothy) (Entered: 12/04/2007) |
| 12/04/2007 | 12 | ATTORNEY Appearance for Appellee Midwest Capital Investments. LLC by Scott Nelson (Nelson, Scott) (Entered: 12/04/2007) |
| 12/04/2007 | 13 | NOTICE of Motion by Arthur George Jaros, Jr for presentment of extension of time 5 before Honorable Ronald A. Guzman on 12/7/2007 at 09:30 AM. (Jaros, Arthur) (Entered: 12/04/2007) |
| 12/07/2007 | 14 | MINUTE entry before Judge Ronald A. Guzman :Status hearing held on 12/7/2007. Motion by Appellants Keith Smith, Dawn Smith for extension of time to file Appellants' Brief 5 is granted. Status hearing set for 12/21/2007 at 09:30 AM.Mailed notice (cjg, ) (Entered: 12/10/2007) |
| 12/21/2007 | 15 | MINUTE entry before Judge Ronald A. Guzman :Status hearing held on 12/21/2007. Opening brief due 1/28/08. Response due 2/26/08. Reply due 3/11/07. Ruling to be by mail. Mailed notice (cjg, ) (Entered: 12/21/2007) |
| 01/08/2008 | 16 | TRANSCRIPT of proceedings from the Bankruptcy Court. (Document Not Scanned)(lcw, ) (Entered: 01/10/2008) |
| 01/28/2008 | 17 | APPELLANT'S Brief by Keith Smith, Dawn Smith (Jaros, Arthur) (Entered: 01/29/2008) |
| 01/29/2008 | 18 | APPELLANT'S Brief by Keith Smith, Dawn Smith (Attachments: # 1 Appendix Appendices A−E# 2 Appendix Appendices F−K)(Jaros, Arthur) (Entered: 01/29/2008) |

| | | |
|---|---|---|
| 01/29/2008 | 19 | NOTICE by Keith Smith, Dawn Smith re appellant's brief 17 , appellant's brief 18 (Jaros, Arthur) (Entered: 01/29/2008) |
| 02/08/2008 | 20 | MOTION by Appellee Sipi, LLC for extension of time *for Filing Appellee's Brief* (Attachments: # 1 Affidavit in Support of Motion to Extend# 2 Text of Proposed Order)(Cowgill, Thomas) (Entered: 02/08/2008) |
| 02/08/2008 | 21 | MINUTE entry before Judge Ronald A. Guzman :Motion by Appellee Sipi, LLC for extension of time for Filing Appellee's Brief (Attachments 20 is granted to and including 3/11/08. Reply due 3/25/08. Mailed notice (cjg, ) (Entered: 02/08/2008) |
| 02/26/2008 | 22 | APPELLEE'S Brief by Midwest Capital Investments. LLC (Herrington, Lindsay) (Entered: 02/26/2008) |
| 02/26/2008 | 23 | NOTICE by Midwest Capital Investments. LLC re appellee's brief 22 (Herrington, Lindsay) (Entered: 02/26/2008) |
| 03/06/2008 | 24 | NOTICE by Sipi, LLC *of Filing of Brief and Argument* (Cowgill, Thomas) (Entered: 03/06/2008) |
| 03/06/2008 | 25 | APPELLEE'S Brief by Sipi, LLC (Cowgill, Thomas) (Entered: 03/06/2008) |
| 03/11/2008 | 26 | APPELLANT'S reply brief by Keith Smith, Dawn Smith (Jaros, Arthur) (Entered: 03/11/2008) |
| 03/11/2008 | 27 | NOTICE by Keith Smith, Dawn Smith re appellant's reply brief 26 (Jaros, Arthur) (Entered: 03/11/2008) |
| 03/14/2008 | 28 | APPELLEE'S Brief and Argument by Sipi, LLC; Notice of Filing. (rbf, ) (Entered: 03/20/2008) |
| 06/26/2008 | 29 | MINUTE entry before the Honorable Ronald A. Guzman:Enter Memorandum Opinion and Order. The court affirms Judge Black's dismissal of the debtor's claims to avoid the tax deed issued in favor of defendants under 11 U.S.C. Section 548. Any pending motions or schedules are stricken as moot. The case is terminated. Civil case terminated. Mailed notice (ca, ) (Entered: 06/30/2008) |
| 06/26/2008 | 30 | MEMORANDUM Opinion and Order Signed by the Honorable Ronald A. Guzman on 6/26/2008.(ca, ) (Entered: 06/30/2008) |
| 06/26/2008 | 31 | ENTERED JUDGMENT. (ca, ) (Entered: 06/30/2008) |
| 07/25/2008 | 32 | NOTICE of appeal by Keith Smith, Dawn Smith regarding orders 29 , 31 , 30 Filing fee $ 455, receipt number 07520000000002969054. (Jaros, Arthur) (Entered: 07/25/2008) |