IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | District Court No. 07-CV-6534 |
| ) | Hon. Ronald A. Guzman |
| Keith Smith and Dawn Smith, ) | |
| Debtors ) | Bankruptcy Case No. 07 B 6631 |
| ) | Chapter 13 |
| ---------------------------------------------------------------) | Honorable Bruce W. Black, B.J. |
| Keith Smith and Dawn Smith ) | |
| ) | |
| Plaintiffs-Appellants ) | |
| ) | |
| vs. ) | Adversary No. 07 A 00239 |
| ) | |
| FIRST AMERICAN TITLE INSURANCE CO. ) | |
| (d/b/a The Talon Group), ) | |
| ) | |
| Defendant (previously dismissed) ) | |
| and ) | |
| ) | |
| SIPI, LLC, and ) | |
| MIDWEST CAPITAL INVESTMENTS, LLC ) | |
| ) | |
| Defendants-Appellees ) | |

DEBTORS-APPELLANTS' F.R.A.P. 6(b)(2)(B)(i)
STATEMENT OF ISSUES ON APPEAL TO THE
UNITED STATES COURT OF APPEAL

Debtors-Appellants KEITH SMITH and DAWN SMITH by their attorney Arthur G. Jaros, Jr., and pursuant to Federal Rule of Appellate Procedure 6(b)(2)(B)(i) hereby set forth the following as and for their Statement of Issues on Appeal to the Seventh Circuit United States Court of Appeals.

1) Did the Bankruptcy Court err in granting and the District Court err in affirming that granting of Defendants' Rule 12(b)(6) Motions to Dismiss Counts III and IV of the Adversary

Complaint?

2) Did the transfer by tax deed of legal title to Plaintiffs' homestead property which occurred within two years of the filing of the Bankruptcy Petition and Adversary Complaint constitute a transfer of an interest of the debtors or either of them in property prima facie eligible for avoidance under 11 U.S.C. §548, taking the factual allegations of the Adversary Complaint as true?

3) Did the transfer of equitable title to Plaintiffs' homestead property occur within two years of the filing of the Bankruptcy Petition and Adversary Complaint herein and, if so, was such transfer prima facie eligible for avoidance under 11 U.S.C. §548, taking the factual allegations of the Adversary Complaint as true?

4) Did the transfer of the right of possession to Plaintiffs' homestead property occur within two years of the filing of the Bankruptcy Petition and Adversary Complaint herein and, if so, was such transfer avoidable under 11 U.S.C. §548?

5) Did the District Court err in refusing to consider when transfer of legal title, when transfer of equitable title, and when transfer of right of possession occurred?

6) Is a transfer of an interest in property, unperfected at the time when made, deemed *for purposes of computing the two year period under 11 U.S.C. §548(a)* to be made only (a) when such transfer is later perfected (to the degree set forth in 11 U.S.C. §548(d)(1)), or (b) if such transfer is never so perfected, then immediately before the date of the filing of a debtor's petition in bankruptcy?

7) At what point does the change in legal rights attendant to the expiration of the period of redemption pertaining to unpaid and sold Illinois real estate taxes constitute a transfer for

purposes of §101(54), at what point in time is such transfer considered perfected under 11 U.S.C. §548(d)(1), and at what point in time is any such transfer deemed, for purposes of 11 U.S.C. §548(a), to have been made?

Dated: July 30, 2008
at Oak Brook, IL

                         Signed:     /s/Arthur G. Jaros, Jr.
                                        Attorney for Appellants
                        Attorney    Arthur G. Jaros, Jr.
                        Address:     1200 Harger Road, Suite #830
                                        Oak Brook, Illinois 60523
                        Telephone:  (630) 574-0525 ext. 103
                        Fax No.:     (630) 574-8089
                        e-mail:       agjlaw@earthink.net